## PENOYER *against* WATSON.

Where a person gives a letter of credit to A., addressed to P. and Co., by which he authorizes A. to draw bills to a certain amount on P. and Co., and P. and Co. having dissolved their partnership, A. draws a bill upon P., which he accepts, the guarantor is not liable to P., on his letter of credit; and P. is not precluded, by the letter of credit, from maintaining an action against A for the amount of the bill which he had accepted and paid.

THIS was an action of *assumpsit*, brought to recover the amount of a bill of exchange drawn by the defendant on the plaintiff, and which the latter accepted and paid. The cause was tried before Mr. J. *Yates*, at the *New-York* sittings, in *April*, 1818.

The bill in question was dated at *New-York*, *April* 12, 1816, and was drawn at 90 days after date, for 592 dollars and 58 cents. At the trial, the defendant produced in evidence a statement, dated the 13th of *April*, 1816, and signed by the plaintiff, of bills accepted by him on a letter of credit from *Jennings & Roddy*, for account of the defendant. These bills were eight in number, the last of which being the one in question, amounted to 3109 dollars and 89 cents, and were accepted at different times, from the 1st to the 12th of *April*, 1816. A copy, in the hand writing of the plaintiff, of the following letter, was annexed to the statement.

" Dear Sirs—This will be handed to you by Mr. *Alexander Watson*, (the defendant,) from *Charleston*, *S. C.* a particular friend of our Mr. *Roddy*, and whom we beg leave to introduce to your friendly attention, and we hope that this introduction will be the means of your doing much business together. Mr. *Watson* is authorized to value on you, on our account, for ten thousand dollars, payable at 60 days

and 90 days, or at such time as he may make his purchases, and we will also observe, that we will guarantee his purchases for a further sum of ten thousand dollars. Respectfully your friends, *Jennings & Roddy.*" The letter was addressed to " Messrs. *Robert M. Penoyer & Co.*, merchants, *New-York.*

ALBANY, January, 1819.

PENOYER v. WATSON.

The plaintiff then proved, that he had been in partnership with one *Luff*, under the firm of *Robert M. Penoyer & Co.* and that on the 1st of *April*, 1816, previous to the drawing the bill in question, the partnership was dissolved by mutual consent, and that the bill was accepted by the plaintiff in his own name, and on his individual account. A verdict, subject to the opinion of the Court, was found for the plaintiff for the amount of the bill, with interest.

*Slosson*, for the plaintiff. The defendant drew the bill as principal, which was accepted by the plaintiff; and from the statement produced in evidence, it appeared that this bill was on the individual account of the defendant.

Again; the defendant was authorized by the letter of credit, to draw on *Robert M. Penoyer & Co.*, not on any individual partner of the firm, and he was bound strictly to pursue that authority. (*Robbins* v. *Bingham*, 4 *Johns. Rep.* 476. *Walsh* v. *Baillie*, 10 *Johns. Rep.* 180. *Myers* v. *Edge*, 7 *Term Rep.* 254.) *Penoyer & Co.* having dissolved their partnership, prior to the drawing the bill, and it having been accepted by the plaintiff individually, no recourse could be had against *Jennings & Roddy.*

It does not appear that the defendant acted as agent; and the presumption is, that he did not.

*De Witt*, contra. The payment of the bill by the plaintiff was a voluntary act; and having paid it, with a full knowledge of all the circumstances, he cannot maintain an action to recover it back. (2 *East*, 469. 1 *Bos. & Pull.* 260. 1 *Esp. N. P. Cas.* 84. 279. 546.)

SPENCER, J. delivered the opinion of the Court. (After stating the facts of the case.) The question is, whether the plaintiff can maintain an action against the defendant on the bill, or must resort to *Jennings Roddy.*

ALBANY,
January, 1819.

The case of *Myers* and *Edge*, (7 *Term Rep.* 254.) is pre-cisely in point. There a letter of credit was directed to the house of *A. B. & Co.* promising to pay for goods to be furnished to D. The goods were furnished after A., one of the partners, had withdrawn from the partnership, and the guarantor was held not to be liable. This Court has re-cognized the law of that case, in *Walsh & Beekman* v. *Bai-lie*; (10 *Johns. Rep.* 180.) and in *Robbins* v. *Bingham*, (4 *Johns. Rep.* 476.) we held, that the surety could not be bound beyond the scope of his engagement.

It does not appear that the defendant has paid the amount of this draft to *Jennings & Roddy*, or that they have ever been called upon by the plaintiff to pay it, and we see that it could not be enforced.

The misconception, that this bill was drawn on the faith of the letter of credit, deprives the plaintiff of none of his rights, and has not led the defendant into any error.

Judgment for the plaintiff.