Spencer, Ch, J.,
delivered the opinion of the court. I do not perceive how this case can be distinguished from that of Stafford 'and others v. Low, (16 Johns. Rep. 67.) The, alleged guaranty here is, “ I wish you to show him (James Hale) some lenity, as much as you think proper, for the collection of it from Mr. Lovejoy, and I will, if you please, stand responsible for the payment, at the time you and James may agree on.” The letter from which this extract is taken bears date the 3d of October, 1815, at which time J. II, &f J. L. were partners in trade. The letter is directed to Dudley Walsh, then a partner with the plaintiff The declaration states that, when this letter was written by the defendant, L. &f II. were then indebted to the firm of 13. & W. 1,234 dollars and 8 cents, the sum sought to be recovered ; and the consideration of the defendant’s promise is a forbearance, and giving time to L. & H., for the payment of their debt, at the defendant’s instance and request, until the 1st of October, 1816, and it, avers that the defendant had notice thereof. It appears, that on the 3d of October, 1815, the date of the defendant’s letter, a sealed note was given by Hale or Lovejoy for the balance due the plaintiffs, payable the first of October thereafter, in consequence, I admit, of the defendant’s letter. It appears, that in September preceding the trial, the defendant said, he supposed Mr. Walsh had indulged his brother James, in the payment of a debt he owed W. ⅜ B. in consequence of a letter he had written Walsh in the beginning of October, 1815 ; that he was sorry that Mr. Beekman had not called on his brother sooner, or ^notified him that the debt was not paid; and that now he would have to lose it, if the plaintiff recovered, as his brother was considered worth nothing. There is no proof in the cause, that the defendant was ever informed, until January, 1818, that the plaintiff, or his deceased partner, considered him a guaranty, or that he had notice, that the payment of the debt due from L. & II. to the plaintiff, had been extended, in consequence of the letter he had written. The question is, whether the defendant’s letter is an absolute guaranty, or an overture and *119 proposition leading to a guaranty. If it be the latter, then he was entitled to notice from the plaintiff, that it was accepted and regarded as a guaranty, and that the payment of the debt had been prolonged in consequence of it. In the case of Stafford and others v. Low, the letter from the defendant, stated “ and if, in addition to the foregoing explanation, yon shall require my individual guaranty, I shall have no objection to give you that pledge.” We held, that the defendant’s engagement was conditional, dependent on the plaintiffs being dissatisfied with the security they then had ; and as they never manifested to the defendant their dissatisfaction with that security, the inference was, that they were satisfied, and did not mean to avail themselves of the defendant’s conditional offer. We refer to and adopt the principles of the case of M’Iver v. Richardson, (1 Maule Selw. 557.) that such a conditional offer of guaranty was a proposition only, leading to a guaranty, and that the defendant ought to have had notice that it was so regarded, and was meant to be so accepted, or there should have been a subsequent consent to convert it into a conclusive guaranty. It cannot be pretended, it seems to me, that the defendant’s proposition amounted to an absolute, unconditional guaranty ; for it was contingent, whether the plaintiffs would show7 the defendant’s brother lenity, by extending the payment; and the debt being then already contracted and due, there would have been no consideration for the defendant’s engagement, unless there had been a forbearance. It was a matter of uncertainty, also, whether the plaintiffs required additional security. The defendant was entitled to know, and that, too, from the plaintiffs, that they not only had given L. &f II. an extension of credit., but that *it had been done on the faith of his offer, and that they regarded him as guaranty. If it once be admitted, that the defendant’s offer was conditional, and dependent on the plaintiffs willingness to give L. & II further time, and to accept the defendant, as guaranty, and his letter as the cause of the extension of the credit, the consequence irresistibly follows, that he was entitled to be informed, within a reasonable period, of these occurrences. Were the contrary doctrine to prevail, the most unjust results would follow ; the individual offering to become a guaranty would have a right to believe that his offer had not been accepted ; he would be completely thrown off his guard, and at a distant period, when an insolvency of the principal debtor had intervened, and all hopes of indemnity were gone, he would find himself unexpectedly called on to pay a debt which he never knew that he was liable for. Good faith., and the very nature of the negotiation, alike require it of the party acting on and accepting a proffered guaranty, to apprise the other party of what is done, and what his liabilities may be. In the case of Russell v. Clark’s Executors, (7 Crunch, 91.) Chief justice Marshall, in delivering the opinion of the court, after *120 deciding, that certain letters, written by Clark &/■ Nightingale, did not constitute a contract by which they undertook to render themselves liable for the engagement of Murray &f Co. to J^wsse^j observes—“ had it been such a contract, it would certainly have been the duty of the plaintiff to have given immediate notice to the defendant of the extent of his engagements.”
It would be vain to say, that James Hah was the defendant’s agent, and that he was bound to give the requisite notice. There was no evidence of the fact, that he was such agent. It certainly does not result from the defendant’s consent to become a guaranty, and there is nothing else to found the suggestion upon. After the insolvency of Lovejoy and Hale, and after the lapse of nearly three years, in all which time, for aught that appears, the defendant remained in ignorance, whether his proposition had been acceded to by the plaintiffs, it is impossible to consider him liable.