O’Neall, J.
delivered the opinion of the Court.
This case presents some questions of great importance to the mercantile community, and of the first impression in this State. But however important they may be, yet when examined, they are found to be well settled by repeated adjudications in England, in New-York, and in the Supreme Court of the United States. I will consider the questions in the order in which the grounds present them in the motion for a new trial.
1st. Can a letter of credit addressed to F. W. Sollee before the existence of the firm of Sollee & Warley, support an action in their narnel It is an observation made every day in Courts, that the allegata etprobata must correspond. Here, the allegation is that the defendant promised Sollee & Warley; and the evidence is that he promised Sollee alone, before the exist- *622 erice of the firm. Such proof does not sustain the allegation. A promise to one is not a promise to two. But it is said, that Sollee & Warley furnished the goods to Matthieu, on the faith of the letter of credit written by the defendant to Sollee. ' This may be so, and yet it does not follow, that therefore they can make the defendant liable. They ought to have known, that he was only liable according to his undertaking. The letter was not such a paperas could be assigned, or transferred, by delivery from OEie to another. Before the defendant could have become answerable, he must have consented that his guaranty to Sollee should become a guaranty to-Sollee & Warley; for to every contract the assent of the party to be bound is indispensable. He might have been willing to become liable to Sollee, but not to Sol-lee &, Warley. The mode of doing business by the first, might have been different from that pursued by the firm. From Sol-'lee, he might have expected better terms, more favor, and stricter attention to-his interests, than the firm might have been willing to afford to him. But in another point of view, the letter of credit ought not, in this action, to be enforced. It may be; that Matthieu actually purchased from Sollee alone, the whole amount guaranteed by the defendant. If so, either Sollee may have, been paid it, and the guaranty thus discharged; or it may still be due and unpaid, and may yet be set up against the defendant. Robbins v. Bingham, 4 Johns 476. Walsh v. Bailie, 10 Johns. 180. Penoyer v. Watson, 16 Johns. 100. Myers v. Edge, 7 T. R. 254. Grant v. Naylor, 4 Cranch, 224.
2d. Is the guaranty a continuing one, or is it limited to the amount of $1500, and did the payment of this sum by Matthieu, in ‘ho course of his subsequent dealings, discharge the defendant, even if he had been liable to the firm? The terms of the letter will answer the question. The defendant writes to Sol-lee, that “ Mr. John B. Matthieu wishing to alter his present mode of doing business, and make arrangements in Charleston, has requested of me to continue my assistance by lendinghim my name, I have therefore consented that he should use it for the amount of from $1000, to $1500. H> will in future carry-on business on his own account, and make bis own remittances.” The sum of from $1000, to $1500, was the extent of the liability which the defendant' contemplated. So soon as a debt to that amount was contracted, he was liable that far, but *623 beyond it he was not liable. When that debt was paid, he was discharged. Rogers v. Warner, 8 Johns. 92. Cremer v. Higginson, 1 Mason, 323, and see Coxe’s Digest, 350.
3d. Was the defendant liable under the guaranty unless he had been explicitly .notified of its acceptance within a reasonable time 1 It is well settled that he is not. It is the duty of the person giving credit on the guaranty to give immediate notice of its acceptance. The reason of this rule is obvious. If immediately apprised of his liability, the guarantor may guard against loss from the insolvency of his principal. But if he have not this notice, he may be called on to answer for the debt of an insolvent man, years after be had supposed it paid. Take this case for example. On the 5th November, 1824, the defendant wrote tiie letter of credit in favor of J. B. Matthieu. From the 1st January, 1825, to the 12th August, 1828, Matthieu and the plaintiffs deal together tó a large amount, and they receive from him on account of their dealings with him, payments to the amount of $ 10,000. At the end of this time, the defendant is notified of his liability under the letter of credit, and payment demanded. Under these circumstances ought he to pay 1 To say so would be monstrous injustice. If in a reasonable time he had been informed of his liability, he might have compelled Matthieu to pay. If the plaintiffs, by their neglect, have put him in this situation, they, and not he, ought to bear the consequences. Russell v. Clark, 7 Cranch, 69. Beekman v. Hall, 17 Johns. 134. Stafford v. Low, 16 Johns. 67. 3 Wheaton, 148, note. McIver v. Richardson, 1 Maulé & Selw. 557.
4th. Is the guaranty barred by the statute of limitations I It is dated the 5th November, 1824, and the present action was commenced on the 21st July, 1829. More than four years elapsed between its date, or the commencement of the firm of Sollee & Warley, and the institution of this suit. It must have been accepted soon after its date; certainly before the 1st January, 1825. The statute had therefore run out before the suit was brought, and the bar was complete. .
5th. Ought the defendant to be charged with interest on his own account with the plaintiffs 1 It appears that the plaintiffs were factors, and had been in the habit of advancing money to, and for, the defendant. This money so paid to, and for, the defendant, constitutes the greater portion of his.account. Upon *624 money paid, or had and received, the Courts of this State have uniformly allowed interest. The verdict is therefore right in. this respect. On the other four grounds, we think the defendant was improperly charged on the letter of credit in favor of J. B. Matthieu, with the sum of $1500, and interest thereon from the 23d August, 1828. A new trial is therefore ordered, unless the plaintiffs release the defendant from the payment of the sum of $1500, and interest thereon from the 23d August, 1828.
Motion granted, nisi.