By the Court, Bronson, J.
The defendant insists that the referee decided \correctly for the following, among other reasons : 1. The plaintiffs should have given the defendant notice that they had accepted and acted upon the guaranty; and 2. As Steel & Wall were entitled to three days grace on the note which they gave for the goods, the credit exceeded three months, the time mentioned in the guaranty.
The defendant invited the plaintiffs to sell goods to Steel & Wall, on his promise to guaranty the payment of the debt. The plaintiffs assented, and delivered the goods. The proposition of one party was accepted by the other; and according to our notions of the law this made a complete contract. Nothing further was necessary to its consummation. If the defendant wanted notice, and did not get it from the persons whom he thought worthy of credit, it was his business to inquire and ascertain what had been done. There is nothing in the defendant’s undertaking which looks like a condition, or even a request, that the plaintiffs should give him notice if they acted upon the guaranty; and there is no principle upon which we can hold that notice was an essential element of the contract. (Whitney v. Groot, 24 Wend. 82; Douglass v. Howland, *545 id. 35.) The cases of Beekman v. Hale, (17 Johns. 134,) and Stafford v. Zoto, (16 id. 67,) went upon the ground that there Was nothing • more than an overture or proposition leading to a guaranty. But here the undertaking was absolute. The defendant said to the plaintiffs, in substance,If you deliver the goods, I will guaranty the payment.” We cannot add a condition that, the defendant shall have notice. He should have provided for that himself in the proposal made to the plaintiffs. I know there are cases which require notice;(a) but we think they are not based upon the common law, and for that reason they have not been followed in this state. There must be a strict compliance with the terms of the guaranty, or the surety'will not be bound. If the proposal be for a credit of three months, that particular credit must be given. A variance of three days will be as fatal as though it was for a month. (Walrath v. Thompson, ante p. 540.) But guaranties, like other commercial con tracts, must be construed with reference to the usages of trade. (Dobbin v. Bradley, 17 Wend. 422; Walrath v. Thompson, 4 Hill, 200; Lee v. Dick, 10 Peters, 482 ; 3 Wheat, 148, note.) Among merchants there would not be a doubt, I think, that these goods were sold “ on a credit of three months,” although the makers of the note were entitled tó three additional days of grace, It is not unusual to take the note or bill of the vendee for goods sold on credit, although the vendor may have a collateral guaranty ; and if there had been an agreement for a credit of three months, I cannot think that any merchant or commercial man, on sitting down to draw the note o£ bill, would think of cutting off the usual days of grace, either in express terms, or by deducting the three days from the conventional period. Although I do not find that the point has ever been decided, there are several cases in the books where the objection relied on by the defendant might have been taken, if the counsel had thought it of any importance. (Simmons v. Keating, 2 Stark. R. *546 426; Warrington v. Furbor, 8 East, 242; Bradley v. Cary, 8 Greenl. 234.) On the whole, looking at the nature of the transaction and the usual course of business, we think there has been a full compliance with the terms of the guaranty on the. part of the plaintiffs, and that they were entitled to recover.
Our minds were made up on the argument that the other objections raised by the defendant ought not to prevail. Further reflection has not changed that opinion. ■
Motion granted.

 See Adams v. Jones, (12 Peters’ Rep. 207;) Reynolds v. Douglass, (id, 497 ;) Anter. Jurist, Vol. 27, p. 336 et seq.