## JOHN P. ALLEN *vs.* JOHN TAYLOR GILMAN PIKE.

The defendant signed a writing, addressed to the plaintiff and another person, declaring that he thereby made himself responsible for whatever amount S. M. D. might become indebted to either of them : It was held, that this was an offer by the defendant of a continuing guaranty, on which he would not be liable, unless he was notified, within a reasonable time, (and three years was not a reasonable time,) that the person to whom it was addressed had accepted it, and, on the faith of it, had given credit to the party for whose benefit it was made.

THIS action was brought against the defendant, to recover of him the amount of a promissory note, dated October 28th, 1844, for about two hundred and twenty-five dollars, signed by Samuel M. Dockam, and payable to the plaintiff in six months.   The writ was dated January 13th, 1846.

The ground of action against the defendant was the signature by him, under date of May 30th, 1842, of a guaranty or letter of credit directed to the plaintiff and Charles Lee of the following tenor : —

" I hereby make myself responsible for whatever amount Mr. Samuel M. Dockam, of Portsmouth, N. H., may become indebted to either of you. I have fixed no limits to the amount ; as he has assured me, that he shall be cautious of getting much in debt, and this is satisfactory to me."

At the trial, which was before *Merrick*, J., in the court of common pleas, the plaintiff called as a witness Samuel M. Dockam, who testified that he gave the plaintiff the guaranty above mentioned soon after its date, namely, on the 25th of June, 1842, when he purchased goods of the plaintiff to the amount of $135·68 ; that in August, December, and January following, he purchased goods of the plaintiff, amounting to $185; that in the year 1843, he purchased goods of the plaintiff, amounting to more than $300 ; that previous to March, 1844, he purchased other goods of the plaintiff, amounting to $257 ; and that all these amounts had been regularly paid by him.

The witness also testified, that he purchased goods of the plaintiff, at various times, from April, 1844, to the 28th of October following, for which the note in question was given ; and that he could not recollect ever having told the defendant, that the guaranty had been given by him to the plaintiff, or that the plaintiff had sold the witness goods on the faith of it.

The plaintiff having introduced in evidence a letter addressed to him by the defendant, under date of May 29th, 1845, the same witness testified, that the first time he knew of the defendant's being informed that the plaintiff had sold goods to the witness, and looked to the defendant to pay the note in question, was immediately before the date of the letter. This letter and the testimony of the witness were the only evidence in the case to prove notice by the plaintiff to the defendant, within a reasonable time, that the plaintiff had accepted the guaranty and sold goods on the strength of it to Dockam. The letter was as follows : —

" I shall go to Exeter, N. H., to-morrow, and shall be gone three or four days. Before I return, I shall go and see Mr

Dockam, and ascertain what state his business is in ; and, on my return to the city, I will write you again."

The defendant requested the judge to instruct the jury, that the writing directed to the plaintiff and Charles Lee, and signed by the defendant, was a contract of guaranty; that the defendant was not liable thereon, unless he had been notified within a reasonable time that it was accepted by the plaintiff, and that the plaintiff had trusted Dockam on the faith of it; that there had been an unreasonable delay in giving this notice to the defendant which discharged him from any liability on the guaranty ; and that no sufficient notice was proved.

The judge refused to give the instruction requested, but instructed the jury, that the writing was an absolute guaranty, or contract of guaranty ; that the defendant, as guarantor, was entitled to reasonable notice, that the plaintiff had accepted the guaranty, and had credited Dockam on the faith of it ; that, in the present case, the notice would be a reasonable one, if given to the defendant within thirty days after Dockam's note became due ; and that the question whether such notice was given within the thirty days was for the jury to decide upon the evidence.

The jury returned a verdict for the plaintiff for the amount of the note, and the defendant alleged exceptions.

*T. B. Pope,* for the defendant, cited *Mussey* v. *Rayner,* 22 Pick. 223 ; *Dole* v. *Young,* 24 Pick. 250 ; *Clark* v. *Remington,* 11 Met. 361.

*G. D. Guild,* for the plaintiff, relied on *Salisbury* v. *Hale,* 12 Pick. 416.

WILDE, J. This is an action of assumpsit on a contract of guaranty in writing, in the words following, namely : —

[Here the judge repeated the terms of the instrument, inserted on the preceding page.]

This letter of credit was directed to the plaintiff and one Charles Lee, by the defendant, and was dated the 30th of May, 1842. It appeared in evidence, by the testimony of Dockam, that he gave the letter to the plaintiff soon after

its date, and afterwards purchased goods of him, from time to time, until October, 1844, when he purchased the goods for the price of which this action was brought ; and that he had no knowledge that the defendant had been notified of these dealings, and the acceptance of the guaranty by the plaintiff. And there was no evidence, that the defendant had been so notified, before the purchase of the goods in October, 1844. Upon this evidence, the defendant's counsel requested the court to instruct the jury, that the defendant was not liable on the guaranty, unless he had notice, within a reasonable time, that it had been accepted by the plaintiff, and that the plaintiff had trusted Dockam on the faith of it ; and that there had been an unreasonable delay in giving notice, in this case, which discharged the defendant from his liability. The court refused so to instruct the jury, but instructed them, that it would be a reasonable notice, in this case, if it were given within thirty days after the day when the note for the goods purchased in October, 1844, became due, which was in April, 1845 ; and it was left to the jury to decide, whether notice was given within the thirty days.

From these facts it appears, that this case is in all its material facts similar to the case of *Mussey* v. *Rayner*, 22 Pick. 223, in which it was decided, as a settled rule of law, that in cases of a written guaranty for a debt yet to be created, and uncertain in its amount, the guarantor should have notice, in a reasonable time, that the guaranty is accepted, and that credit has been given upon the faith of it. And as in that case no such notice was given until nearly three years after the date of the guaranty, it was held that the notice was not given within a reasonable time, and therefore that the action could not be maintained. A longer time intervened in the present case, before the notice was given ; and that case, therefore, if rightly decided, is decisive of the present case. And we have no doubt of the correctness of that decision. It is supported by numerous authorities, and founded upon just and reasonable principles. The case of *McIver* v. *Richardson*, 1 M. & S. 557, is the leading case on this point   The

defendant in that case wrote to the plaintiff, declaring that he had no objection to guaranty him against any loss from giving A. & Co. the credit they had requested of him; and it was held that this letter did not amount to a guaranty; it being a mere overture to a guaranty, and there being no notice given by the plaintiffs to the defendant, that they accepted it as such, or any consent of the defendant that it should be a conclusive guaranty.

This decision has been followed up by numerous similar decisions in this country; in New York, Pennsylvania, Maryland, Maine, and in several cases in the courts of the United States.   In the case of *Adams* v. *Jones*, 12 Pet. 213, Story, J., says : " We are all of opinion, that upon a letter of guaranty for a future credit to be given to the party, in whose favor the guaranty is drawn, notice is necessary to be given to the guarantor, that the person giving the credit has accepted and acted upon the guaranty, and given the credit on the faith of it."   And this, he says, was not then an open question, after the numerous decisions in that court before made.   " It is," he remarks, " a reasonable rule, enabling the guarantor to know the nature and extent of his liability, and to exercise due vigilance to guard against losses."

The case of *Eaton* v. *Tiffany*, 2 Har. & Gill, 22, was decided on the same rule of law, as were the cases of *Norton* v. *Eastman*, 4 Greenl. 521 ; *Tuckerman* v. *French*, 7 Greenl. 115 ; and *Beekman* v. *Hale*, 17 Johns. 134.   This rule of law is therefore well established, and, as we think, on reasonable principles.   The distinction is between an offer to guaranty a debt about to be created, the amount of which the party making the offer does not know, and it is uncertain whether the offer will be accepted, so that he may be ultimately liable ; and the case of an absolute guaranty, the terms of which are definite as to its amount and extent.   In the latter case no notice is necessary to the guarantor ; whereas in the former case the contract is not completed until the offer is accepted.   And this rule is of great importance in the case of a continuing guaranty, like the present, where the

amount of the credit which may be given from time to time is not limited, nor the duration of time for which it may continue.

It was argued for the plaintiff, that the guaranty was complete when the plaintiff first gave credit on the faith of it ; and that although notice of the acceptance was not given within a reasonable time, yet if notice was given before any material change in the circumstances of the principal debtor, it would be sufficient. But this rule applies only to the guaranty of a debt which is definite in its amount, and not to a mere offer to guaranty a debt or debts, which may or may not be afterwards created.

Upon these authorities and principles, we are of opinion, that the instructions to the jury were incorrect. The jury were instructed, that although the defendant, as guarantor, was entitled to a reasonable notice, that the plaintiff had accepted his guaranty, and had trusted Dockam on the faith of it, yet notice within thirty days after the debt became due was a reasonable notice. This was three years after the offer to guaranty the debts proposed to be created, and after the plaintiff had first given credit to Dockam on the faith of it. This, we think, was not reasonable notice ; and the jury should have been instructed, as the court was requested to do by the defendant's counsel.

*Exceptions sustained, and new trial ordered.*