LANGLEY et al. *v.* GRILL et al.

| 1  | 71  |
|----|-----|
| 16 | 449 |

RECORD *of verdict of jury.* A copy of the verdict of a jury, inserted in the transcript of the record, will not be received to contradict the record of the verdict given in the proceedings of the court.

SHERIFF'S RETURN. A return to a summons " I have duly served the within by reading the same to the within-named John C. Bruce and John H. Langley not found in my county, as I am therein commanded," is ambiguous, and should not be received.

CONSTRUCTION *of the word " defendants."* The word " defendants," used in the record of a judgment in a cause where there are two defendants, will be regarded as referring to both of them, although one of them has not been served with process.

JUDGMENT *against party not served.* It is error to enter judgment against a party not served with process.

JUDGMENT — *partial reversal.* A judgment will not be reversed in part and affirmed in part.

*Error to District Court, Gilpin County.*

Messrs. REMINE & HULETT, for plaintiffs in error.

Mr. L. C. ROCKWELL, for defendants in error.

HALLETT, C. J.   This was an action of covenant, commenced by the defendants in error against the plaintiffs in error, in the district court of Gilpin county.

The sheriff's return upon the summons is as follows :

" I have duly served the within by reading the same to the within-named John C. Bruce and John H. Langley not found in my county, as I am therein commanded."

At the July term, 1866, of the district court, Bruce was defaulted, and, upon a subsequent day of the term, the damages were assessed by a jury and judgment entered against the *defendants*, without naming either of them, and the word "defendants" being in the plural number.

The first of the errors assigned questions the regularity of the verdict, alleging that it was given in another cause. The verdict set forth in the proceedings of the court, which we must regard as the true verdict, appears to have been given in the cause, and this is sufficient. The clerk has inserted in the transcript what he calls a full copy of the verdict, to which, evidently, the objection of the plaintiff in error is directed. This copy is in no way authenticated. The record gives the verdict and we cannot receive the copy for the purpose of contradicting the record.

It is also assigned for error that the court below had not jurisdiction of the person of Langley. There was no appearance by the defendants in that court, and we must therefore look at the return upon the summons to determine this question. It is difficult to ascertain from this return whether the sheriff served the summons upon both Langley and Bruce or upon either one of them. It is first stated that service was made upon both defendants, and to this are added the words "not found in my county," which seem to contradict what is before stated. An officer, to whom process is directed, is required to state clearly and explicitly the time and manner of executing it, and a return such as this, which leaves the mind in doubt as to what has been done by the officer, should not be received. Assuming, however, as the parties in this cause have assumed in argument, that this return shows service upon Bruce and that Langley was not found, is the judgment of the district court erroneous? It is said that this is to be regarded as a judgment against Bruce alone, but we are unable to assent to this proposition.

The judgment stands against the *defendants*, and we know of no rule of construction which will allow us to say that the word "defendants" includes but one. This judg-

ment certainly stands against both of the defendants, and a judgment against two, when one only is served with process, is erroneous. *Swift et al.* v. *Green et al.*, 20 Ill. 173. The weight of authority is against the doctrine laid down in some of the cases cited by defendants in error, that a judgment may be reversed in part and affirmed in part. *Arnold et al.* v. *Sanford*, 14 Johns. 417.

The judgment of the district court is reversed, and the cause is remanded.

*Reversed.*