## GARGAN et al. *v.* SCHOOL DISTRICT No. 15.

1. In an action of debt on a bond, where the plaintiff, instead of demurring, replies to a plea of *nil debit*, he will be put upon proof of every allegation in his declaration, and the defendant may avail himself of any ground of defense which in general might be taken advantage of under that plea.

2. [If a person becomes bound as surety *to* or *for* several persons, the engagement must be understood to be in behalf of those persons collectively

and jointly, and in case of the death of any of them it will not continue on behalf of the survivors, unless the obligation so expressly states, or the parties to or for whom the surety is bound are described as a class, body or the like, so as to plainly imply that the security is given to or for a class or body.—Per STONE, J.]

3. The question of service of process or appearance is a jurisdictional question; it cannot be open to doubt, but must be made to appear conclusively by the record.

4. An entire judgment against several, if reversed as to one must be reversed as to all.

### Appeal from District Court of Weld County.

THE plaintiff in the court below obtained a verdict in the penalty of the bond, and damages were assessed in the sum of $443.03. A motion for a new trial was overruled and judgment entered on the verdict, and thereupon the defendants prayed an appeal to this court.

Messrs. MILLER & CLOUGH, for appellants.

Messrs. WELLS, SMITH & MACON, for appellees.

STONE, J.   Goddard and Gargan entered into written contract with the School District, appellee, for doing certain work in the building of a school-house, and to secure the due performance of the contract on their part, they, together with Niemeyer and Getz, as sureties, executed a bond to the district in the penal sum of one thousand dollars.

This action is in debt on the bond, brought against Gargan and the sureties aforesaid (Goddard having died before performance of the contract), the breaches assigned being the failure of Gargan and Goddard in the life-time of the latter, and of Gargan afterward, to perform certain of the work specified in the contract, and for unskillful performance of portions of what was done, whereby damage accrued, etc.

The pleas are: 1st. *Nil debit;* 2d. *Non est factum ;* 3d. Non-performance by plaintiff of conditions as to payment; 4th. Non-performance as to conditions to be performed by

plaintiff respecting the foundation of the building ; 5th. Covenants performed ; 6th. *Nul tiel corporation ;* and 7th. Set-off.

From the view which we take of this case under the state of the pleadings presented by the record, we do not deem it necessary to examine in detail all the questions offered for our consideration by counsel for appellants upon the very numerous assignments of error, and the elaborate briefs filed in the cause.

The plea of *nil debit* interposed was, in this action, bad on demurrer, but having been replied to, the plaintiff was thereby put upon proof of every allegation in his declaration, and the defendants were at liberty to avail themselves of any ground of defense which in general might be taken advantage of under that plea. 1 Chit. Pl. 483.

This plea puts in issue the existence of the debt at the time of pleading, and consequently any matter may be given in evidence under it which shows that nothing was due at that time, as payment, release or other matter in discharge of the debt. 1 Chit. Pl. 481. And hence under issue made by this plea as it stood, it was competent for the sureties to have shown the death of Goddard, one of the principals in the bond, in discharge of any liability thereafter.

Mr. Chitty lays down the doctrine that "if a person engage as surety for more persons than one, the engagement is understood to be on behalf of those persons collectively and jointly, and in case of the death of any of them, it will not continue on behalf of the survivors." 1 Chitty's Contracts (11th Am. ed.), 767 ; Fell on Suretyship, 520.

The doctrine that whenever a surety becomes bound for the performance of more than one person, his obligation does not extend beyond the death or retirement of any of those for whom he has engaged to be answerable, is established by an almost unbroken line of decisions, both English and American, reaching back for three quarters of a century. And this rule is applied as well to the parties *to*

whom the surety is bound — the obligees, as to those *for* whom he is bound — the principal obligors.

The reason upon which the doctrine rests, when applied in a case like the one before us, is well expressed by Lord MANSFIELD in the case of *Weston* v. *Barton,* 4 Taunton, 673, wherein, after a review, of all the preceding cases, he says : " It is very probable that sureties may be induced to enter into such a security by a confidence which they repose in the integrity, diligence, caution and accuracy of one or two of the partners. In the nature of things there cannot be a partnership consisting of several persons in which there are not some possessed of those qualities in a greater degree than the rest, and it may be that the partner dying or going out may be the very one on whom the surety most relied ; it would be, therefore, very unreasonable to hold the surety to his contract after such a change."

The leading cases in which this doctrine is enunciated. are, *University of Cambridge* v. *Baldwin,* 5 M. & W. 585 ; *Simpson* v. *Cook,* 1 Bing. 452 ; *Cremer* v. *Higginson,* 1 Mason (U. S. Cir. C.), 337 ; *Myers* v. *Edge,* 7 Term R. (Durnford & East) 254 ; *Strange* v. *Lee,* 3 East, 484 ; *Weston* v. *Barton, supra; Penoyer* v. *Watson,* 16 Johns. 100; *Smith* v. *Montgomery,* 3 Texas, 203.

The only exceptions to the doctrine of these decisions are : *first,* where the language of the obligation expressly limits the liability, or extends it to survivors, or to any or either of the obligees or principals, whether associated together or otherwise ; and *second,* where the parties for or to whom the sureties are bound, are described as a class, company, bank, or the like, and not to the members or partners *nominatim,* so as to plainly imply that the security is given to or for the class or body as such regardless of changes in the integral parts. *Barclay* v. *Lucas,* 1 Term Rep. 291. There is nothing in the language of the bond to take this case out of the operation of the general rule.

As a general rule such defense should be pleaded specially, and on behalf of the sureties alone, but as we have

shown, under the plea of *nil debet* as it stood in this case, the defense might be made the ground of a proper motion.

The death of Goddard appeared in the evidence of the plaintiff, as well as upon the face of the declaration, and it was not, therefore, necessary for the defendants to introduce proof of the fact. Such being the case, the motion of the defendants for a new trial should have been granted on the ground that the verdict was against the evidence.

A question, however, is made as to whether the pleas interposed were on behalf of the sureties alone, or on behalf of all the defendants.

The record shows that the sureties, Niemeyer and Getz, only, were served with process ; that as to the defendant, Gargan, the return was *non est inventus*. The "defendants served" appeared by G. W. Miller, Esq., as attorney. The rule to plead was on the "defendants served." The pleas filed were on behalf of "the defendants." These pleas are to be taken as the pleas of the defendants served, and not of all the defendants named to the action. *Boiloin* v. *Edwards*, 4 Gilm. 119 ; *Chester* v. *Miller*, 13 Cal. 558 ; *Violet* v. *Waters*, 1 J. J. Marshall, 303 ; *Hubbard* v. *Dubois*, 37 Vt. 94 ; Freeman on Judgments, § 155.

The record should distinctly show the service of process on defendants, or their voluntary appearance; it ought not to be left to inference or conjecture. *McCall* v. *Leshen*, 2 Gilm. 47 ; *Clemson* v. *State Bank*, 1 Scam. 45.

At a subsequent term of the court—the third term after that to which suit was brought and the process returned—Gargan makes an affidavit in support of a motion for continuance on behalf of "the defendants" and names himself as "a witness and a party." This, however, in nowise necessarily connects him with the pleas which had two terms previously been filed on behalf of the defendants served, nor does it prove that he had appeared to the action. He might well be a witness on behalf of the sureties, and yet not have either appeared or pleaded to the action. To say that he had done either, is to indulge in conjecture.

The question raised by want of service of process, or upon doubtful appearance, is a jurisdictional question, affecting, necessarily, the validity of the judgment, and, therefore, such service or appearance cannot be open to doubt or conjecture, but must be made conclusively to appear.

The pleas, therefore, must be held to be the pleas of the sureties alone, and their defense clearly available under the plea of *nil debit*, which was made to stand as the general issue.

The verdict being in part for damages accruing on alleged breaches after the death of Goddard, was to that extent unauthorized by the evidence, and the motion for new trial should have been granted.

Gargan not having been served with process, and not having appeared to the action, nor pleaded therein, the judgment was erroneous as to him also.

This error with respect to the judgment against Gargan would in itself be sufficient to reverse the judgment, without reference to errors relating to the case of the sureties.

The judgment being entire, if reversed as to one, must be reversed as to all. *Arnold* v. *Sanford*, 14 Johns. 424; *Richards* v. *Walton*, 12 id. 434; *Boyce* v. *Watson*, 3 J. J. Marshall, 498; *Gaylord* v. *Payne*, 4 Conn. 190; *Mumford* v. *Overseers, etc.*, 2 Rand. 313.

And this is the case, although the error relates only to one. Powell on Appellate Proc. 285.

The judgment of the district court will therefore be
*Reversed.*

THATCHER, C. J. I agree that the court below erred in entering a joint judgment against Gargan, Niemeyer and Getz, as the record, properly construed, shows that only Niemeyer and Getz appeared and pleaded to the action, and for this error, I think, the judgment should be reversed. In this view brother ELBERT concurs. As to the liability of the sureties for breaches of the building contract, occurring subsequent to the death of Goddard, no opinion is at present expressed.