## TELLER ET AL. v. HARTMAN ET AL.

16     447
28     433

1. MATERIAL ALLEGATIONS UNDENIED.— A material allegation of the complaint not denied in the answer will be taken as confessed.

2. APPEAL — ERROR NOT INJURIOUS TO APPELLANTS.— Upon an appeal by a part of the defendants against whom a judgment is rendered, error in the judgment, affecting only a defendant not appearing, will not be considered.

3. AN EXCESSIVE VERDICT — HOW ERROR MAY BE CURED.— When items are improperly included in a verdict the error may be cured by remitting the amount prior to judgment.

4. PARTNERSHIP — EVIDENCE OF.— A contract for the sale of goods which provides that the goods shall be charged for at reasonable prices, and the buyers to have a credit of one-half the profits, does not establish a partnership between the sellers and purchasers.

*Appeal from District Court of Summit County.*

APPELLEES, John H. Hartman and Martin Hartman, commenced this action in the district court of Summit county.

In the complaint it is alleged that the plaintiffs were partners doing business under the firm name of J. H. Hartman & Brother, and that the defendants were partners doing business as the Teller Tie & Lumber Company.

It is further alleged that the defendants, doing business as aforesaid, were indebted to the appellants in the sum of $2,261.25 upon an account for goods sold and delivered by the plaintiffs to the defendants between the 8th day of February, 1887, and the 15th day of June, 1887.

At the time of filing the complaint an affidavit of attachment was also made and filed, the grounds thereof being that the claim was upon an overdue book account. Afterwards a writ of attachment was duly issued and levied upon the property of the Teller Tie & Lumber Company.

The answer consists of a specific denial of each allegation of the complaint, except the allegation in reference to the partnership of the plaintiffs, which stands undenied. After denying the partnership of the defendants, as alleged in the complaint, it is stated that J. C. Teller and J. C. Allen were the only partners constituting "The Teller Tie & Lumber Co." The trial to a jury resulted in a verdict for the plaintiffs in the sum of $2,062.97. Thereupon the plaintiffs remitted the sum of $179.65, this being the amount charged for goods sold after the 1st day of June. Judgment was entered for $1,883.32.

Messrs. TELLER & ORAHOOD, for appellants.

Messrs. JONES & RIDDELL, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

By the first assignment of error argued it is claimed that the partnership of the plaintiffs is not established by the evidence. No proof of partnership was necessary, the allegation of the complaint being admitted by the failure of the defendants to deny the same in their answer.

The second objection urged has reference to the form of

the verdict and judgment. The verdict is a general verdict for the plaintiffs. The judgment is against the defendants as partners. Now, as an issue was made by the pleadings upon Anderson's connection with the firm, and no evidence having been introduced upon the point, or to show Anderson's liability, it is claimed that the judgment is erroneous as to him, and must be reversed *in toto*. It does not appear that Anderson was served with process. He neither appeared in person nor by counsel. Under such circumstances it has been held that the plural term, as used in this judgment, should be considered to refer to those persons only who were properly before the court. See *Hubbard v. Du Bois*, 37 Vt. 94; *Gargan et al. v. School District*, 4 Colo. 53. We think, however, a sufficient answer to the contention of appellants in this case lies in the fact that Anderson himself is not here complaining, and appellants could in no way be prejudiced by any judgment entered against him. The erroneous judgment affects a co-defendant only who does not join in the appeal. In this respect the case is distinguishable from *Langley et al. v. Grill et al.*, 1 Colo. 71. Appellants cannot be permitted upon their appeal to take advantage of an error which does them no injury. *Ball v. Nichols*, 75 Cal. 193; Freeman on Judgments, § 155.

By the third assignment of error it is claimed that the charges for goods bought during the month of June, 1887, were not due at the time this suit was instituted. The contention is that there is no evidence of the amount of the charges made for the goods so purchased, and hence no basis for ascertaining the amount thereof, erroneously included in the verdict. Counsel are evidently mistaken in regard to the evidence on this point. The amounts of the several bills, purchased during the month of June, were stated by Mr. Hartman in his examination, and his testimony in reference thereto is uncontradicted. These amounts make a total of $179.65. This corresponds with the amount which the court below required to be deducted from the verdict as a condition to the entry of judgment

for the remainder. This action was, without doubt, taken for the reason that in the opinion of the court the June bills were not properly included in the suit. By this action of the court the error in the verdict was cured in the final judgment.

By the last assignment of error argued it is urged that the evidence shows that the defendants and plaintiffs were partners in the sale of these goods and are, therefore, entitled to an accounting before this action could be maintained. The argument proceeds upon the assumption that the evidence in the case shows that plaintiffs and defendants were to share in the profits of the sale of these goods, and it is contended that this is sufficient to establish a partnership. We do not think the evidence warrants this assumption, although it appears that according to the terms of the contract the goods were to be sold at reasonable prices, the profits to be divided between plaintiffs and defendants. It is not claimed that the goods were not in fact received, and no complaint is made at the prices charged. The evidence shows that the amount of the profits was ascertained and agreed upon by the parties and the defendants credited with their proper proportion according to the contract. No error in this regard is claimed, and a further accounting would serve no useful purpose. Aside from this, we are of the opinion that the evidence does not show a partnership in the transaction between the plaintiffs and defendants. The rebate was evidently given in anticipation of large purchases, the language employed being used simply as a mode of fixing the prices at which defendants were to have the goods.

No error is assigned upon the instructions. The judgment is amply supported by the evidence and must be affirmed.

*Affirmed.*