could have no effective operation until after consolidation. It was an effort on the part of the town board to do that which, we think, they possessed no authority to do under well-established principles of public policy which condemn such contracts as void.

For these reasons, we think the judgment should be reversed. In making this direction it is not necessary to determine whether the city of New York, coming in as a defendant in a taxpayer's action, and asking affirmative relief, stands in the same position as the plaintiff himself. The complaint herein is broad enough to entitle the plaintiff to relief on the same ground as that chiefly relied upon by the city, to wit, a want of power on the part of the town board to enter into a contract which could only become practically operative after the town of Jamaica ceased to exist.

Judgment reversed, and judgment directed for plaintiff, with costs. All concur.

---

(38 App. Div. 146.)

FRIEDLANDER v. NEW YORK PLATE–GLASS INS. CO.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

1. GUARANTY—ASSIGNABILITY OF CONTRACT.
    A guaranty of payment for goods to be furnished by the guarantee to a person named is not assignable.
2. SAME—CONSTRUCTION—SCOPE.
    Under a guaranty of payment for goods to be furnished by a certain firm to a third person, the guarantor is not liable for goods furnished such person by one of the former partners after dissolution of the firm.
3. SAME—EXTENSION BY PAROL—STATUTE OF FRAUDS.
    A written guaranty of payment for goods to be furnished by a firm to a person cannot be extended by parol to include goods furnished by the partner remaining after dissolution of the firm.
4. SAME—ESTOPPEL.
    One who guaranties payment for goods furnished by a firm to a person cannot, by parol admissions, estop himself from denying liability for goods furnished by the remaining partner after dissolution.

Appeal from trial term, New York county.

Action by Joseph B. Friedlander against the New York Plate-Glass Insurance Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George H. Epstein, for appellant.
Harold Nathan, for respondent.

PATTERSON, J. From a judgment entered upon a dismissal of the complaint in an action brought upon a written guaranty, this appeal is taken. On the 25th of February, 1896, the defendant, a corporation, delivered to the firm of Friedlander & Greene, of which the plaintiff was a member, a letter signed by the secretary of the defendant, in which it was stated that the defendant would guaranty, to the extent of $1,500, the payment of bills for glass that should be bought by one Edelman from the firm mentioned. It was shown

upon the trial that the letter of guaranty was lost, and its contents were proven orally. It appeared in evidence that the firm of Friedlander & Greene was dissolved on the 18th day of March, 1896. Friedlander sues in his individual right, and in the complaint it is alleged that between the 25th of February and the 27th of July, 1896, in reliance upon the defendant's guaranty, the plaintiff sold and delivered to Edelman plate and other glass to a large amount, and that, on the day last named, there was a balance remaining due of $1,922.77, which Edelman had neglected to pay after demand, and that, therefore, the defendant was liable upon its guaranty to the full amount thereof.

On the trial the court allowed the plaintiff to amend his complaint by inserting an allegation that, upon the dissolution of the firm of Friedlander & Greene, the guaranty was assigned to the plaintiff. It is not seriously insisted on this appeal that any right was acquired by Friedlander under the assignment of this guaranty. Obviously, it was not assignable. From its terms, as disclosed in the evidence, it was a direct guaranty of the defendant corporation to the firm of Friedlander & Greene. There was nothing which made it either assignable or negotiable or transferable. The liability of a guarantor is strictissimi juris, which means that it shall not extend beyond the precise stipulations of the guaranty. Smith v. Molleson, 148 N. Y. 241, 48 N. E. 669. The trial judge dismissed the complaint, evidently on the ground that, inasmuch as the contract was made with Friedlander & Greene, it did not extend to the merchandise sold by Friedlander to Edelman after the dissolution of the firm of Friedlander & Greene, on the 18th of March, 1896, and therefore could not be made to cover the balance which was due on Edelman's account with that firm in July, 1896. The ruling of the court in this regard was right. The dissolution of the firm discharged the defendant's further liability on the guaranty. Penoyer v. Watson, 16 Johns. 100. The case cited was decided on what was held in Myers v. Edge, 7 Term R. 254, and Spencer, J., says, referring to that case:

"There a letter of credit was directed to the house of A., B. & Co., promising to pay for goods to be furnished to D. The goods were furnished after A., one of the partners, had withdrawn from the partnership, and the guarantor was held not to be liable. This court has recognized the law of that case in Walsh v. Bailie, 10 Johns. 180; and in Robbins v. Bingham, 4 Johns. 476, we held that the surety could not be bound beyond the scope of his engagement."

The case of Penoyer v. Watson, supra, is frequently referred to as authority; but it is claimed that the proof in the record before us shows peculiar circumstances which render the rule announced in that case inapplicable here. For instance, it is said that after the dissolution of the firm, and while Edelman was purchasing goods of Friedlander, there was a correspondence between the latter and the defendant concerning the extent and obligation of this guaranty; but it will be observed that all that correspondence emanating from the plaintiff is signed "Friedlander & Greene," and the defendant's answers are directed to "Friedlander & Greene," down to as late a

date as July 30, 1896. There is nothing in that correspondence making the guaranty individual as to Friedlander. It is also claimed by the plaintiff that, in certain conversations with one Danziger, the president, and White, the secretary, those persons in some way recognized or admitted the guaranty as one running in favor of Friedlander individually. But the liability sought to be enforced here is a corporate liability. Neither of these persons had a right to extend by parol that guaranty beyond its terms, so as to vary an obligation binding upon the defendant. They could not make a new guaranty by parol, for that would have been contrary to the statute. They could not extend the terms of the original guaranty by parol, nor could their declarations raise an estoppel against the corporation by reason of the nature of the contract.

This is not to be confounded with that class of cases in which it has been held that when, at the time of the execution of a written guaranty, it is within the intention of the parties that it shall be in favor of some one not specifically named or misdescribed in the writing, it may be enforced by such unnamed person. That was the case in Beakes v. Da Cunha, 126 N. Y. 296, 27 N. E. 251, which distinguished Barnes v. Barrow, 61 N. Y. 39. In the case before us the defendant's obligation was expressly to the co-partnership. That co-partnership was dissolved, and with that dissolution the operation of the guaranty ended. It was not assignable nor transferable, and no new right based upon it in favor of the plaintiff as against the defendant was created.

The judgment appealed from must be affirmed, with costs. All concur; VAN BRUNT, P. J., in result.