(81 Misc. Rep. 218.)

### KNIT GOODS EXCHANGE, Inc., v. HALPERN.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. GUARANTY (§ 30*)—PERSONS WHO MAY ENFORCE.

    Where defendant, for the purpose of inducing certain persons, doing business as a corporation, to sell merchandise to his brother, guaranteed the payment therefor without knowing or caring whether such persons were doing business as a partnership or as a corporation, the corporation could enforce the guaranty, notwithstanding the omission of the abbreviation "Inc.," which was a part of its corporate name, in describing the party to whom the guaranty ran, although the name, with this omission, was that of a former partnership between the members of the corporation, since the rule that a contract of guaranty must be construed strictissimi juris, and that only the party named therein as guarantee can recover thereon, is subject to a well-established exception that, where it was the intention that the guaranty should be in favor of a specific person, it may be enforced according to such intention, notwithstanding a slight misdescription of the guarantee in the instrument.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 30–32; Dec. Dig. § 30.*]

2. PRINCIPAL AND SURETY (§ 59*)—CONTRACT OF SURETY—RULES OF CONSTRUCTION.

    The contracts of sureties, like other contracts, are to be construed so as to give effect to the intention of the parties, in ascertaining which the language should be read in the light of the circumstances surrounding the execution of the instrument; but, when the meaning has been thus ascertained, the responsibility of the surety is strictissimi juris, and is not to be extended or enlarged by implication or construction.

    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Knit Goods Exchange, Inc., against Ralph Halpern. From a judgment dismissing the complaint after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Harold R. Lhowe, of New York City, for appellant.
David H. Lehman, of New York City, for respondent.

PAGE, J. This is an action upon a contract whereby the defendant guaranteed payment to the Knit Goods Exchange of all sums of money due that company from the firm of Halpern & Shraza to an amount not to exceed $300. The consideration for the guaranty was the sale of merchandise by the Knit Goods Exchange to Halpern & Shraza on credit.

[1] It is conceded upon the record that after the said guaranty was executed, and relying thereon, the plaintiff sold goods to Halpern & Shraza to the amount of $310, and were not paid for the merchandise when the payment became due, and that thereafter the plaintiff applied to the defendant to pay the indebtedness. It is also conceded that in consideration of an extension of time the defendant promised

the plaintiff to pay the entire $310, which was $10 in excess of the guaranty. It is also conceded that in partial performance of this agreement the defendant paid to the plaintiff on account of the said indebtedness three installments of $51.83, leaving only $155.49 unpaid.

It appears that on June 19, 1912, the Knit Goods Exchange, which was a copartnership, became incorporated under the name of "Knit Goods Exchange, Inc.," and the new corporation took over the entire business of the former partnership. The contract of guaranty was signed by the defendant on June 21, 1912, at which time the partnership had ceased to exist; but the corporation continued to use the stationery and letter heads of the former firm. The form of contract signed by the defendant ran to the "Knit Goods Exchange" as the guarantee, and the suffix "Inc." was omitted. The defendant resists liability on this ground, claiming the benefit of the well-established rule of law that a contract of guaranty must be construed strictissimi juris, and that only the party named therein as guarantee can recover from the guarantor. Grant v. Naylor, 4 Cranch, 224, 2 L. Ed. 603; Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247.

The learned trial justice applied this rule and dismissed the complaint. I am of the opinion that he committed error in so doing, and that the case at bar comes within an exception to the rule above stated, which is as well established in this state as the rule itself, namely, that where at the time the written contract of guaranty was executed it was the intention of the parties that it should be in favor of a specific person, but the guarantee is slightly misdescribed in the instrument, it may be enforced according to the intention of the parties, and the misdescription ignored. Beakes et al. v. Da Cunha, 126 N. Y. 293, 27 N. E. 251; Friedlander v. N. Y. Plate Glass Ins. Co., 38 App. Div. 146, 149, 56 N. Y. Supp. 583.

[2] This is in accordance with the principle, which has been adopted in this and other jurisdictions in the interest of justice, that:

"The contracts of sureties are to be construed, like other contracts, so as to give effect to the intention of the parties. In ascertaining that intention we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument. * * * But, when the meaning of the language used has been thus ascertained, the responsibility of the surety is not to be extended or enlarged by implication or construction, and is strictissimi juris." People v. Backus, 117 N. Y. 196, at page 201, 22 N. E. 759, at page 760.

At the time that this contract was executed the defendant intended to induce this plaintiff to deliver merchandise to his brother in reliance upon his written guaranty. The persons with whom he contracted were certain specific men, who were about to sell goods to his brother. He had no knowledge as to whether they were doing business as a copartnership or a corporation, and he stated in his testimony upon the witness stand that he did not care about that point. His brother failed to pay his indebtedness to the plaintiff. Later he discovered that the plaintiff was a corporation, and that the contract of guaranty did not contain the suffix "Inc.," which was a part of its corporate name. He immediately refused to make further payments, and invoked this omission as a defense, though his intention that the guaranty should

run to this plaintiff was manifest, both from the circumstances of its execution and from his subsequent conduct.

"De minimis non curat lex." The omission of the word "Inc." from the contract of guaranty should be ignored, and the contract enforced according to its evident intent. The facts of the case are not seriously disputed.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.