(October 22, 1968)

■ HUMBLE OIL & REFINING COMPANY, Appellant, v. JAYBERT ESSO SERVICE STATION, INC., et al., Respondents.— Determination of the Appellate Term unanimously modified, on the law and on the facts, with costs and disbursements in all courts, to direct recovery by plaintiff against defendants Carmen M. Snaggs and Herman Bloch, in the sum of $5,857.08, with interest thereon from August 1, 1962, and the sum of $250 as reasonable attorneys' fees; judgment of the Civil Court is modified accordingly; and determination of the Appellate Term otherwise affirmed. Upon this appeal from the affirmance by the Appellate Term of the judgment rendered in Civil Court following a nonjury trial, this court (Appellate Division) "shall review questions of law and questions of fact" (CPLR 5501, subd. [c]) and on such review is empowered to and should render such judgment as should have been granted by the trial court (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.04; *McAvoy* v. *Harron*, 26 A D 2d 452, 454, affd. 21 N Y 2d 821; *Society of N. Y. Hosp.* v. *Burstein*, 22 A D 2d 768). Although the defendant Snaggs did not read the written guarantee before executing the same, she is bound by the contents thereof. "The law does not relieve a person merely because he has failed to read a document which he has executed." (9 N. Y. Jur., Contracts, § 59, p. 592; 17 C. J. S., Contracts, § 137; *Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82, 87; *Metzger* v. *Aetna Ins. Co.*, 227 N. Y. 411, 416.) The misnomer of the principal obligor in the contract does not affect the validity of the obligation (see 17A C. J. S., Contracts, §§ 315, 318; 10 N. Y. Jur., Contracts, § 201; *Beakes* v. *Da Cunha*, 126 N. Y. 293; *Castelli* v. *Burns*, 156 App. Div. 200; *Knit Goods Exch.* v. *Halpern*, 81 Misc. 218). Clearly, in the execution and delivery of the same, Mrs. Snaggs intended to guarantee the indebtedness of her husband's corporation which was conducting a gas service station at the designated address. There was only one such corporation and the error in the name as inserted in the contract was not misleading. The defendant Bloch failed to establish his alleged defense that the execution and delivery of the written guarantee was induced by fraudulent misrepresentations as to the contents and effect thereof. We find it incredible that this sophisticated businessman relied on the alleged misrepresentations. Since the written instrument contains terms different from those allegedly orally represented, and Bloch is presumed to have read the writing, he may not claim he relied on the representations. (24 N. Y. Jur., Fraud and Deceit, § 162.) Inasmuch as Bloch intended to guarantee the indebtedness of the particular corporation of which Mr. Snaggs was president, it is immaterial that, at the time of signing, the instrument was blank as to the name of the principal obligor and that there was a mistake in the name which was inserted. (See, 17, 17A C. J. S., Contracts, § 65; §§ 315, 318; 10 N. Y. Jur., Contracts, § 201; 2 Restatement, Contracts, § 442; *Modern Ind. Bank* v. *Woodman*, 263 App. Div. 1019; *Knit Goods Exch.* v. *Halpern, supra.*) He should be held bound by the terms of the instrument as executed and delivered by him. Settle order on notice. Concur — Botein, P. J., Stevens, Eager, Steuer and McNally, JJ.