■ KUEHNE & NAGEL, INC., Appellant, v CARGO EXPORT CORP., Respondent. — Order, Supreme Court, New York County (Ostrau, J.), entered January 15, 1981, denying plaintiff's motion for summary judgment, is affirmed, without costs. The failure by plaintiff to bill the tenant for over four years for the taxes now claimed to have been periodically due during this period, and the acceptance of rent which did not include such taxes, raise sufficient questions so that we think it is safer not to grant final judgment on the present affidavits alone and the matter should be explored at a trial. With respect to the rights of the parties as to the one- and one-half month holdover, questions of credibility are presented as to whether there was an oral agreement covering such holdover. Concur — Ross, J. P., Lupiano, Silverman and Bloom, JJ.

Lynch, J., dissents in part in a memorandum as follows: I dissent to the extent that I would grant partial summary judgment to the plaintiff-appellant for $45,111.73, plus interest and costs, and otherwise affirm the denial of summary judgment for the balance sought, severing that claim and directing a trial thereon. The plaintiff, a lessee, sublet to the defendant for a five-year term to expire on October 31, 1979, the sublease providing that defendant was to "pay all real estate taxes * * * as provided for in * * * the main lease" which was incorporated by reference into the sublease as an exhibit. The main lease provides that "[t]he Tenant shall pay, as additional rent * * * all real estate taxes". Shortly prior to the expiration of the term, the plaintiff, which had been paying all of the taxes to the landlord, demanded payment of the taxes in the sum of $45,111.73, they never having been billed to the defendant prior to that time. The defendant has not paid. The defendant held over into the third week of December and the balance of the plaintiff's claim is for the

holdover period. As to this, summary judgment was properly denied. There is an issue of fact whether the plaintiff consented to extend the defendant's occupancy at the prevailing rental prorated, as well as an issue whether the defendant paid the September rent and therefore ought to be given full credit for its two months' security deposit. On the claim for the taxes, the defendant avers that, upon signing the sublease, it asked the plaintiff the meaning of "all real estate taxes" and the plaintiff represented that it meant any increase of taxes over a prior year and that this had never amounted to more than $500. The defendant contends that the language of the sublease is ambiguous and that Special Term was therefor correct in holding: "[t]he construction of the lease provision is governed by the acts of the parties and the acts of the plaintiff in seeking such payment only after an extended period of time is sufficient to establish that a triable issue of fact exists as to the intent of the parties and the meaning of the lease clause". The defendant also contends that it has a valid fraud claim arising from the plaintiff having misrepresented the terms of the main lease when the actual term contradicts the oral representation and when the main lease was not exhibited to the defendant until after the sublease was signed. The real intention of parties to a contract, or their intention as derived from their subsequent actions, is of no moment to the court if it contradicts the clearly expressed language of the contract (*Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386). Courts are concerned with parties' intention "only to the extent that they evidenced what they intended by what they wrote" (*Raleigh Assoc. v Henry,* 302 NY 467, 473). Nothing can be clearer than that the sublease and main lease provided that the defendant should pay all real estate taxes. This is unambiguous and leaves no room for a contention that it should be construed to mean that the defendant had only to pay real estate tax increases (see *Brainard v New York Cent. R. R. Co.,* 242 NY 125, 133). The defendant has no valid claim of fraud. It acquiesced in the incorporation into the sublease of the main lease whether it was familiar with its terms or not (*Raphael v Hulett Motor Car Co.,* 188 NYS 209). "[A]n oral representation that a written instrument contains different terms from those which are actually contained in it is not actionable fraud because the person to whom the representation is made is presumed to have read the writing, and therefore it cannot be said that he relied on the oral representation as to the contents of the instrument" (24 NY Jur, Fraud and Deceit, § 162; *Humble Oil & Refining Co. v Jaybert Esso Serv. Sta.,* 30 AD2d 952; *Dornholz v Home of Daughters of Jacob for Aged Hebrew,* 19 NYS2d 17).