RUFUS M. HUBBARD, *Administrator of* JOSEPH HUBBARD, *v.* GIL-
MAN B. DUBOIS, HARVEY LAMSON, EDWARD HOBART AND
JONATHAN NEWELL.

### Judgment. Record. Evidence.

Where the record of a judgment shows that the writ issued against four defend-
ants but service was made on two only, and proceeds as follows: "And at the
same term come the said defendants by their attorney," naming him, and then
goes on to state the proceedings to a final judgment against the defendants, with-
out naming them after the recital or copy of the writ and return, it is *held*, that
the record shows an appearance for those defendants only upon whom service
had been made.

In an action upon a judgment rendered upon the report of an auditor, it is *held*,
that copies of the auditor's report and of the rule, citation, and officer's return
thereon, are admissible in evidence, not to contradict the record, but in connec-
tion with and as aiding to explain the meaning of the record itself when that is
doubtful or equivocal.

DEBT on judgment alleged to have been obtained by Joseph Hub-
bard in his lifetime, against the defendants and one Edward Hobart,
since deceased, as joint contractors, at the June Term of Addison
County Court, A. D. 1855, to which the defendant Dubois pleaded,
first, that there was no record of said judgment remaining in said
court; second, that the alleged judgment was rendered without any
service of the writ upon him or upon his property, or without trus-
tee process and without any notice whatever to him, either by pub-
lication or otherwise, of the pendency of any suit, &c.; to which
the plaintiff replied, first, that there was a record of, &c., and
second, that the said Dubois appeared by attorney, &c. And
the defendant, Dubois, made rejoinder, upon which issue was joined.
Trial by the court by agreement of parties, June Term, 1863, PECK,
J., presiding.

On trial the plaintiff introduced in evidence a duly certified
copy of the record of said judgment, which after setting forth
the writ and return—the return showing a service upon Harvey
Lamson and E. Hobart only—proceeded as follows; "And at the
same term come the said defendants by their attorney, J. P. Kidder,
and by consent of parties it is ordered by the court that the defend-
ants do account with the plaintiff, and that John Pierpoint be ap-
pointed auditor, to hear, examine and adjust the accounts of the

parties, and make report thereof to this court at their next term, &c. * * * * And now, to wit., at the term last aforesaid, come the said parties by their said attorney, and also comes the said auditor and makes report as follows : The undersigned auditor reports that he notified the parties before him at, &c., * * * * to audit their accounts as per rule and notice annexed ; at which time and place he attended, and the said parties before him, in person and by counsel,—and the auditor finds that there is due from the defendants to the plaintiff, to balance accounts, the sum of $458.51." J. Pierpoint, auditor.

No question was made but that J. P. Kidder was a duly enrolled attorney and counsellor. The defendant, Dubois, offered in evidence a certified copy of docket entries in the cause in which said judgment was obtained, made at the December Term of said Addison County Court, A. D. 1854, and at the June Term thereof, 1855 ; also of the report of the auditor, rule, citation and officer's return thereon, which was objected to by the plaintiff, but was received and read, subject to objection,—to the admission of which the plaintiff excepted.

The defendant Lamson was defaulted, and judgment rendered against him in this case. No service of the writ in this case was made on the defendant Newell, neither was there any appearance for him. The court decided that upon the face of the record introduced by the plaintiff, it did not appear that Kidder appeared for and in behalf of said Dubois, nor that any judgment was rendered against said Dubois. The court did not treat the copy of docket minutes as any part of this case. Thereupon the court rendered judgment in favor of the defendant Dubois,—to all which decisions the plaintiff excepted.

*John Rowell*, for the plaintiff, maintained that the record showed an appearance for Dubois by attorney. *Blood* v. *Crandall*, 28 Vt. 396. An appearance must be taken to be general unless the contrary appears. Again ; the defendants in the original action were sued as " joint contractors," and it must be presumed they were such, as the case shows nothing different. Then if jointly liable the judgment must have been against *all* or *none*. The defendants upon whom process was served must have understood that Kidder appeared for the other parties defendants in the suit, as well as for themselves, else

they would never have submitted to a judgment against them; neither would the court have rendered the judgment they did, had they not had the same understanding.

*A. P. Hunton*, for the defendant Dubois, maintained that the copies of papers offered by the defendant were admissible in evidence, because they were a part of the record. 3 Co. Lit. 322; 3 and 4 Black. Com. Appendix; 1 Green. Ev. § 521; 28 Vt. 397. Moreover the court in deciding the case treated those copies as out of the case; and so regarding it, there was no error in the judgment. The return is copied into the record and shows no service on Dubois. So he was out of the case—was not a defendant. *Society, &c.*, v. *Ballard*, 4 Vt. 119; *Clark* v. *Freeman*, 5 Vt. 122. The court had no jurisdiction over him. *Skinner* v. *McDaniels*, 4 Vt. 418. And he would not subsequently be made a party but by some act shown by a positive and unequivocal statement in the record. The word *defendants* in the sentence, "At the same term come the said defendants," in the record meant those only named in the return as having been served with process. In cases where parties have been bound by the appearance of an attorney there was some kind of service as to them, or the record would admit of no other construction.

POLAND, Ch. J. It is now well established law, that where the record of a judgment shows that the defendant appeared by attorney, such fact cannot be traversed or denied by him, nor will he be permitted to show that such attorney had no authority to so appear, and the judgment will effectually conclude him. *St. Albans* v. *Bush*, 4 Vt. 58; *Newcomb et al.* v. *Peck et al.*, 17 Vt. 302.

In this case, the sole question is upon the proper construction of the record given in evidence; does it show that the defendant Dubois did appear by attorney? The record incorporates at length the writ and return of service thereon. From this it appears that the writ issued against Lamson, Hobart, Newell and Dubois as defendants, but service was made only on Lamson and Hobart. Immediately following the recital of the writ and return of service the record proceeds as follows: "And at the same term come the said defendants by their attorney, J. P. Kidder," &c., and proceeds to state the proceedings to a final judgment against the *defendants*. The defendants are not named in the record, after the recital or copy of the writ and return.

Now what is the fair and reasonable interpretation of the word *defendants*, taken in connection with all that appears in the record; does it mean all the persons named in the writ as defendants, or only those upon whom service had been made, and who had been legally brought before the court? The court had no proper jurisdiction over those upon whom its process had not been served, and could render no judgment against them, unless they voluntarily waived their right to be legally notified of the suit, and submitted to the jurisdiction of the court, by appearing in the cause either in person or by attorney. The whole power of the court over them rests upon their appearance, and therefore it seems just to hold that the record should show clearly and unequivocally that they did appear, and should not be assumed upon any doubtful or questionable construction of language. The word defendants is just as properly applicable to two defendants as to four.

The language follows the writ and return, which shows that two of the persons against whom the writ issued had been properly notified, and were properly before the court, and the others had not been notified and were not before the court at all, unless they had volunteered to come in. In this condition of things it seems to us that the more natural and reasonable interpretation is, that the appearance was for the former only, and not for the latter. At any rate it is too doubtful and uncertain to furnish that positive and conclusive bar upon those defendants not served, which is created by the record of an appearance in a suit.

The case of *Blood* v. *Crandall*, 28 Vt. 396, is conceded to be the strongest authority for the plaintiff which our reports contain. In that case the record showed that the writ was served on one defendant named in the writ, and not upon the other. The record stated that " the defendants came by A. B., their attorney, and the defendants confessed that they ought to account, &c., and it was considered by the court that the plaintiff recover of the defendants, .&c." It was decided by the court that this record shew an appearance for both defendants—as well the one not served as the one who was. But the use of the plural, *defendants*, throughout the entire record, was not consistent with the fact of the appearance being for one only, and there being but two persons named as defendants in the entire

proceeding, the fair and reasonable intendment was that the word defendants referred to both, and that the appearance was for both. The point seems to have received but slight consideration in that case, but we are not prepared to say it was not correctly decided. But the case is so clearly distinguishable from this, that giving it its utmost force, it will not warrant a holding that this record shows unequivocally and clearly an appearance for those defendants upon whom the writ had not been served.

It appears from the exceptions that on the trial the defendant Dubois introduced a duly certified copy of the rule to the auditor, the citation from the auditor to summon the parties to appear before him, and the service of it, and also the auditor's report. These papers were objected to by the plaintiff, but admitted in evidence by the court. But the court say that in making their decision, they made it solely upon the record which the plaintiff had introduced, and without reference to the copies of the papers introduced by the defendant. But these papers are referred to in the exceptions, and sent up as a part of the case. We do not see why they were not admissible. Properly they should be made a part of the record, as they were a part of the proceedings which resulted in the judgment, and though they were not incorporated into the record, still, when duly authenticated, we do not see why they were not admissible, as a part of it, or in connection with it.

The more usual course is not to incorporate the original writ and return into the record, but to refer to it as on file, but the constant practice is to send with the record, and as a part of it, an exemplification of the writ and return.

It may be true that these should not be allowed to contradict the record proper, but they may be considered in connection with it, and as aiding to explain the meaning of the record itself, when that is doubtful or equivocal.

In these papers Lampson and Hobart alone are named as defendants in the suit, making it clear that the appearance of Mr. Kidder was for them alone, and not for Newell and Dubois.

But without this, and upon the record alone introduced by the plaintiff, we think the court correctly decided.

Judgment affirmed.