Raphael *v.* Western Pa. Amusement Co., Inc., Appellant.

Argued May 4, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-NINGHAM, BALDRIGE and DREW, JJ.

*Max U. Applebaum,* and with him *Martin Silverman,* for appellant.

*Maurice Finkelhor,* and with him *L. S. Levin,* for appellee.

OPINION BY TREXLER, P. J., July 8, 1931:

The plaintiff's statement alleges that he made an oral contract with the defendant, the Western Pennsylvania Amusement Company, Inc., to install certain talking machine equipment in the Braddock Theatre, Braddock, Pennsylvania, and the Regent Theatre at

Beaver Falls, Pennsylvania, which equipment the defendant had already purchased from the Pacent Reproducer Corporation of New York City to be delivered to the respective theatres of the defendant, the price to be paid being a fair and reasonable charge of the same, including the services of electricians, engineers and technical men required for such installation work and all charges and expenses accompanying it; that under such oral contract, work was completed and the job finished according to contract, and later on defendant orally requested additional technical work to be done, agreeing to pay plaintiff a reasonable charge for the additional work and that plaintiff in turn supplied this.

The plaintiff does not disclose with what person the oral contract was made. It merely states, with the defendant corporation. The defendant replies that it had no contract with the plaintiff, that it bought the equipment from the New York party above named who agreed to install it and that the arrangements to install which the plaintiff made were directly with the New York party and the defendant never advised him to begin the work and the whole matter was between parties other than the defendant, that the extra work done by the plaintiff was at the request of L. G. Pacent, a representative of the Pacent Reproducer Corporation, and was to replace work that had been unsatisfactory, and was merely part of the service charge to be made on the original agreement which was entered into between the New York party and the plaintiff, and under the contract between the defendant and the New York party, the installation work for each theatre was not to exceed the sum of $300.

There was no denial that the installation was properly made and if the defendant had not denied the contract, judgment would necessarily go against it, but it avers that it never had any agreement with the

plaintiff. The defendant could not go into particulars as to this, for the plaintiff does not indicate who acted for the defendant in the alleged transaction. The defendant necessarily must employ a bare negation. If the plaintiff's statement had alleged the particular officer of the corporation who had made the contract, then no doubt the answer should have denied that such officer had made the contract, but defendant is not required to be more particular in this respect than the plaintiff, so we have here a general denial of any contract relation, which by reason of the lack of precision on plaintiff's part, is sufficient.

The court in its opinion, after reciting the pleadings to some extent, concludes that the sole question raised by the affidavit of defense, is whether plaintiff can bring action in his own name against the defendant company for the work done by him under the engagement made by the Pacent Reproducer Corporation, and states that, "It is a well established rule of law that where a contract is made with an agent in his own name, either the agent or the principal may sue upon it; the defendant in the latter case being entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the contracting party."

We do not think that this rule has any application to the present suit. If this suit is brought by reason of a beneficial interest in the contract alleged to be made between the defendant and the New York party, that contract should be pleaded. The plaintiff relies on a contract between it and the defendant and upon that it must stand. If the plaintiff had made this contract on behalf of the New York party and as agent for it, but the real principal had not been disclosed, the plaintiff might have maintained this suit, but we repeat, as the pleadings are now presented, there is no contractual relation between the parties to the suit and

we think the case should go to trial in order that the proofs submitted may show which party is in the right.

The judgment is reversed.