## McSorley *v.* Little et al., Appellants.

Argued March 23, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Henry Kauffman,* for appellants.—A municipal lien is a debt in rem, not in personam. No personal liability arises therefrom in the absence of agreement: Phila. v. Kelly, 63 Pa. Superior Ct. 133; Phila. v. Merklee, 159 Pa. 515; Gimber's Est., 15 Pa. Dist. 59.

In the absence of any averment of an implied contract in the statement of claim, a summary judgment should not be entered against defendants on that ground: Dodson Coal Co. v. Delano, 258 Pa. 385; Jamestown Iron & Metal Co. v. Knofsky, 291 Pa. 60; Helfenstein v. Coal Co., 284 Pa. 78.

Defendants deny that they requested the plaintiff to pay the lien. There is no averment of fraud or deceit used by the defendants, or that the payment was made by plaintiff without knowledge of all the facts.

One who voluntarily pays money with knowledge of the facts and without any fraud having been practiced upon him, cannot recover back the amount so paid: Millard v. R. R., 224 Pa. 448; Gould v. McFall, 118 Pa. 455; Real Estate Savings Inst. v. Linder, 74 Pa. 371, 373; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Campbell v. B. & L. Assn., 92 Pa. Superior Ct., 436.

*R. B. Ivory,* of *Ivory & Ivory,* for appellee, cited: Hertzog v. Hertzog, 29 Pa. 468; Harper v. Rubber Co., 284 Pa. 444, 451.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 27, 1932:

Defendants appeal from judgment of the Court of Common Pleas of Allegheny County, entered for want of a sufficient affidavit of defense. Plaintiff's case arose from the following facts alleged in his statement of claim: Plaintiff arranged to sell property located on Frankstown Avenue, in the City of Pittsburgh, to defendants subject to a $75,000 mortgage. Defendants were unwilling to become personally liable on the bond accompanying this mortgage, and to meet this objection, an agreement was made to convey the property to a third party, one Samuel Levy, plaintiff's broker, who agreed to execute the bond and mortgage and then deed the property to defendants. Plaintiff attached to his statement of claim a copy of the agreement between him and Levy, but no mention was made therein of the alleged

relation of defendants to the transaction. On August 21, 1925, the property was conveyed to Anna Levy, daughter of the Levy named in the agreement, and on the same day she deeded it to defendants. Plaintiff alleged that the consideration, other than the bond and mortgage, passed directly from defendants to plaintiff.

At the time of these negotiations there was outstanding a municipal assessment in the amount of $1,830 against the property for improvements made on the alley at the rear of the premises. County taxes for the year 1925, amounting to $427.95, were also unpaid and constituted a prior lien to the mortgage given in the transaction as already related. Plaintiff desired to negotiate a loan using this mortgage as collateral security, and to make the mortgage available for that purpose, the statement alleges, he paid the taxes and municipal lien upon the assurance of George Little, brother of defendant Louis Little, that defendants would indemnify plaintiff if he removed the two liens. Relying upon this promise to reimburse him, plaintiff paid the municipal assessment on May 5, 1926, and the delinquent taxes the following day.

Thereafter, on March 3, 1927, defendants entered into a contract to sell the property to Benjamin Pearlman, in which it was stated the conveyance was subject to the $75,000 mortgage given to A. J. McSorley and "also subject to a municipal lien for the vacation of Reimer Way if existing, the said amount having been taken into consideration, if unpaid, the mortgage to be given to the party of the first part to be increased by the amount of the said municipal lien." When it was found that the assessment had been paid, the mortgage was drawn without including the amount of the municipal lien. Plaintiff now claims to recover the amount of the payments so made by him on account of taxes and the municipal improvement above referred to.

The affidavit of defense denies that defendants entered into any arrangement with plaintiff to purchase the

property in question, and sets forth, on the contrary, that they dealt with Levy as principal. Defendants admit they received a deed for the property from Levy's daughter, but deny the consideration therefor was paid to plaintiff, and allege it was paid in full to Samuel Levy, not as agent for plaintiff, but as principal. It is further denied that George Little suggested defendants would repay the amount of the municipal lien and taxes, or that he had authority to make any promise on their behalf.

Plaintiff's motion for judgment for want of a sufficient affidavit of defense was made absolute as to the amount of the municipal lien with interest and costs. The learned president judge of the court below based his order on a conclusion that defendants had obtained the benefit of the payment made by plaintiff, or, in other words, on the quasi-contractual relationship existing between the parties. Defendants having denied the oral promise on their behalf, alleged to have been made by George Little, the brother, there could, of course, be no judgment on the pleadings on the ground of the express contract, and it is so stated in the trial judge's opinion.

Without considering in detail the various questions of law which arise under the pleadings, the judgment of the court below must be reversed because this is not such a clear case as to warrant entering judgment for want of a sufficient affidavit of defense. Where there are disputed questions of fact which go to the heart of plaintiff's case, our invariable practice is to submit the controverted matters to a jury: Helfenstein v. Line Mountain Coal Co., 284 Pa. 78. Defendants have denied the existence of any agreement whatsoever with plaintiff in regard to payment of the municipal assessment. They have denied they dealt with Levy other than as principal in these transactions. On a rule for judgment, facts averred in the affidavit of defense must be taken as true: Lackawanna Trust Co. v. Carlucci, 264 Pa. 226. Plaintiff contracted with Levy and the articles of agreement

are set out in the statement, but no copy of the conveyance from Anna Levy to the defendants is attached. If defendants obtained the property under an agreement by which the grantor was to pay the municipal assessment, and if the consideration paid was increased by the amount of the municipal assessment for that reason, then, so far as defendants are concerned, the payment by plaintiff was voluntary and for his own benefit to aid in negotiating a loan on the mortgage. Plaintiff's remedy in such case would be against Levy or his daughter on the ground of unjust enrichment. Defendants were not personally liable for the assessment (Philadelphia v. Kelly, 63 Pa. Superior Ct. 133), and before their definite liability can be established from equitable considerations, the many disputed questions of fact in this case must be settled by a jury. "It is the kind of a case which can be developed only by a complete hearing of the testimony and of all the facts in connection with the transaction involved": Colonial Securities Co. v. Levy, 302 Pa. 329.

The judgment is reversed and the record remanded with a procedendo.