## Ellinger *v.* Indemnity Ins. Co. of North America, Appellant.

Argued April 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. Brewster Rhoads,* with him *Laurence H. Eldredge* and *Montgomery & McCracken,* for appellant.

*Ardemus Stewart,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1932:

Plaintiff is the widow of James H. Ellinger, who died as a result of injuries received in a collision between decedent's motorcycle upon which he was riding and an automobile driven by one Samuel Rubin. At the time of the accident Rubin held a policy of liability insurance executed by defendant, the terms of which provided, among others, that assured should be indemnified for any loss not exceeding $5,000 sustained by reason of liability imposed by law for bodily injuries or death resulting from the ownership, maintenance or use of the automobile described in the policy. Plaintiff instituted suit against Rubin and obtained a verdict in the amount of $16,000, which was subsequently reduced by the trial court to $12,000 and remittitur of all in excess of that amount filed by plaintiff. This former action was defended by the insurance company through its counsel under a special agreement with Rubin, which will be explained later in this opinion. Judgment was entered on the reduced verdict, after which execution was issued and returned nulla bona.

Plaintiff alleges in paragraph 4 of her statement of claim that a further clause of the policy provides:

"In the event of the bankruptcy or insolvency of the assured, the Company shall not be released from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency an execution against the assured is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person against the company under the terms of this policy for the amount of the judgment in said action, not exceeding the amount of this policy."

Plaintiff accordingly claims the sum of $5,060.40, being the amount of the policy together with the taxable costs of the former action.

Defendant denies the statement of claim sets forth the provisions of the policy with reasonable precision and avers on the contrary that the policy included terms providing for prompt written notice in the event of accident, as well as coöperation and assistance in the defense of any action instituted by the injured party. It is further alleged the assured breached these conditions and that the "free" defense in the action referred to above was provided by the present defendant after a disclaimer of liability under the policy and with the express understanding that the insurance company was under no obligation whatever to pay any judgment that might be rendered in favor of claimants.

The court below made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense and entered judgment against defendant in the amount claimed.

On the basis of the record before us we are of opinion this judgment must be reversed. This is not such a clear case as to warrant entering judgment for want of a sufficient affidavit of defense (Thomas v. Employers Liability Assurance Corp., 284 Pa. 129; Rhodes v. Terheyden, 272 Pa. 397). Only a portion of the policy is set forth in the pleadings and no definite determination can be made of the legal questions involved until all the terms of the contract are presented for consideration.

Furthermore, several important questions of fact are disputed. Among them, plaintiff alleges notice of the accident was received by defendant within a reasonable time after its happening, whereas defendant avers that prompt written notice, as required by the policy, was not given by Rubins, and as a result of such omission it was greatly prejudiced.

Inasmuch as the case must go back for further proceedings we will not discuss at this time the remaining questions involved: Helfenstein v. Line Mountain Coal Co., 284 Pa. 78.

The judgment of the court below is reversed and the record remanded with a procedendo.