Flinn et al., Exrs., Appellants, *v.* 339 Fifth Avenue Land Co.

Argued October 6, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*John O. Wicks,* of *Weller, Wicks & Wallace,* for appellants.

*Harvey Morton Aronson,* for appellee.

Per Curiam, November 28, 1932:

Plaintiff executors, under the will of William Flinn, deceased, appeal from refusal by the court below of their motion for judgment for want of a sufficient affidavit of defense.

Plaintiffs' decedent in his lifetime became surety for the lessee of property located on Fifth Avenue, City of Pittsburgh, to the aggregate amount of $50,000, on a

10-year lease beginning May, 1921, which defendant now holds as lessor. The lease provided that, at the end of three years, or at the end of any yearly period thereafter, upon notice, lessee or surety might surrender the lease upon a deposit of $17,500. This sum was to constitute a fund for lessor's benefit in event of being unable to re-rent the property so as to receive an aggregate rental at least equal to that which the original lessee would have paid for the full period of the lease, including broker's commissions in securing new tenants, and "reasonable and incidental expenses in securing said tenants." Following the death of William Flinn, the surety, his executors cancelled the lease as of May 1, 1926, depositing $17,500. At the expiration of the lease on May 1, 1931, plaintiffs demanded and received from lessor a statement concerning the deposit of $17,500, which showed this sum to have been more than absorbed by charges against it. Plaintiffs' statement of claim alleges that certain of the charges made against the deposit are not properly deductible, and that the entire deposit, with interest, is due decedent's estate. The affidavit of defense denies these allegations. Plainly this is not a case "clear and free from doubt" (Chelten Ave. Bldg. Corp. v. Mayer, 306 Pa. 225, 227) and the court below properly held that summary judgment could not be entered, and that the pleadings "required that this controversy be decided by a trial upon the real merits." See Elliott v. McGoun, 307 Pa. 185, and McSorley v. Little, 307 Pa. 316, 319-320.

The order of the court below is affirmed.