## Bank of Erie Trust Company, Appellant, *v.* Employers' Liability Assurance Corporation, Appellant.

474

Argued September 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William T. Campbell,* of *Swartz, Campbell & Henry,* with him *Orson J. Graham* and *Gunnison, Fish, Gifford & Chapin,* for appellant, No. 225, for appellee, No. 227.

*Frank B. Quinn,* with him *Charles H. English,* of *English, Quinn, Leemhuis & Tayntor,* for appellant, No. 227, for appellee, No. 225.

PER CURIAM, November 26, 1934:

Two appeals are before us from a judgment for want of sufficient affidavit of defense. Plaintiff appeals on the ground that the judgment was entirely too limited in amount; defendant, with good reason, contends that the case was not one for summary disposition.

Plaintiff bank was insured by defendant under a bankers' blanket bond dated July 25, 1928, against loss "through any dishonest or criminal act of any of the employees" of insured, to the amount of $25,000. The bond provided, among other matters, that "The insured shall

give to the underwriter written notice of any loss hereunder as soon as possible after the insured shall learn of such loss, and within ninety days after learning of such loss shall file with the underwriter an itemized proof of claim duly sworn to" (section 4) ; that "No action...... shall be brought under this bond in regard to any loss, unless begun within twelve months after the insured shall learn of such loss......"(section 6) ; that "This bond shall terminate as to any employee—(a) as soon as the insured shall learn of any default hereunder committed by such employee......" (section 11) ; and that the losses covered should include losses sustained by the insured from the date of the bond "and while [it] is in force," which might be discovered during that period and within "twelve months after the termination of this bond as provided in section 11" (introductory paragraph).

On October 25, 1932, plaintiff notified the surety company that a shortage of approximately $5,400 had been discovered in the accounts of Andrew J. Ignasiak, a teller in the bank. Following this notice and within two months thereafter other shortages were discovered and reported, the total claims amounting to $22,407.08, of which amount defendant admits the sum of $20,615.10 was lost by the bank through the dishonest and criminal acts of Ignasiak.

The surety company denies liability for any part of this loss for the reasons, as stated in its affidavit of defense, that, first, on or about March 4, 1931, the bank had learned of dishonest acts committed by Ignasiak in the conduct of his duties, and the bond was thereupon terminated, under section 11 quoted above, as to losses that might thereafter be sustained through him; and, second, no claim for losses sustained up to and including March 4, 1931, having been made within a year of that date (or until October 25, 1932), the surety company was relieved of all obligations for such losses. In new matter appended to the affidavit of defense, the surety company set

forth the wrongful acts of Ignasiak which it regarded as constituting a default under the bond, but of which the bank had not informed it, although the former's knowledge of the acts is not denied. The bank continued Ignasiak in his position, and almost half the loss claimed resulted from defalcations after March 4, 1931.

The parties differ as to what constitutes a default under the bond, and whether it depends upon a financial loss. The bank maintains, and the court below held that the acts committed by Ignasiak on March 4, 1931, and cited by defendant, though dishonest and criminal, did not result "in actual financial loss to plaintiff, and under the terms of the bond there was no obligation on plaintiff to give notice to defendant of any acts of any employee which did not result in financial loss." Defendant avers that, not only were the acts a default of a nature contemplated by section 11 as terminating the protection as to this employee, but that the bank did suffer a financial loss as a consequence thereof, although the loss may have been reimbursed to the bank later.

Moreover, the parties disagree as to whether it was intended by the language of the bond that the coverage as to a particular employee should terminate twelve months from the date of his defalcation or twelve months after the expiration of the contract as a whole.

We cannot agree with the court below, in its opinion awarding a limited judgment for want of a sufficient affidavit of defense, that "defendant is clearly liable" for part of the losses sustained by plaintiff. The above statement of the facts and questions at issue plainly demonstrates this is not a case so clear and free of doubt as to justify a summary judgment: Armstrong v. Connelly, 299 Pa. 51, 58; Ellinger v. Indemnity Co. of N. A., 308 Pa. 294, 296; Flinn et al., Exrs., v. 339 Fifth Ave. Land Co., 309 Pa. 247, 248.

The order of the court below is reversed and the record remanded with a procedendo.