Cohen *v.* Jacob Gordon Building & Loan
Association, Appellant.

Argued October 10, 1934.

Before Trexler, P. J., Keller,
Cunningham, Baldrige, Stadtfeld, Parker and James,
JJ.

*James R. Wilson,* and with him *Philip Richman* and *Paul M. Wintrob,* for appellant.

*Herman Moskowitz,* for appellee.

OPINION BY STADTFELD, J., December 18, 1934:

This is an appeal by defendant building and loan association from the judgment entered for want of a sufficient affidavit of defense.

The statement of claim sets forth ownership by plaintiff, in January, 1930, of ten shares of stock of Steadfast Building & Loan Association which merged and consolidated with defendant, Jacob Gordon Building and Loan Association, by agreement of merger consummated on or about May 14, 1929; that plaintiff paid $760 on said ten shares of stock until January, 1930, inclusive. Paragraph 6 avers, "that on or about August 14, 1930, said Jacob Gordon Building and Loan Association agreed to pay plaintiff seven hundred sixty ($760) dollars in full payment for said ten shares, which said plaintiff agreed to accept." Paragraph 7 of the statement recites the payment on or about August 14, 1930, of $160 on account of said sum of $760, accompanied by a statement, signed by the secretary of defendant association, purporting to show a balance due of $600 for which this suit was brought.

An affidavit of defense was filed, the pertinent portions of which are paragraphs 6 and 7 in reply to the corresponding paragraphs of the statement. Paragraph 6 is as follows: "6. It is denied that on or about the fourteenth day of August, 1930, or at any other time prior thereto, the said Jacob Gordon Building & Loan Association agreed either orally or in writing to pay the said plaintiff Seven Hundred and Sixty ($760.00) Dollars or any sum whatsoever in payment of his shares of stock in the said Jacob Gordon Building & Loan Association."

Paragraph 7 is as follows: "7. Defendant avers that it has paid unto the said plaintiff the sum of One Hundred and Sixty ($160.00) Dollars on the fourteenth day of August, 1930, and another payment of One Hundred ($100.00) Dollars on the 24th day of January, 1931, and that both of said payments were made not by virtue of any agreement either written or oral entered into with the plaintiff, but because of dividends which were declared by the defendant association at the time, in the due course of its business affairs." Under "New Matter" defendant sets up the Act of May 5, 1933, Section 808, commonly known as the Building & Loan Code, and that under it the State Banking Department, on July 3, 1933, issued an order of segregation to defendant association, copy of which is attached to the affidavit, under which defendant is not legally permitted to make any payment on account of stock either withdrawn or matured, to any stockholder of said association.

A rule for judgment for want of a sufficient affidavit of defense was entered which, after argument, was made absolute by BLUETT, J., and an opinion subsequently filed.

Appellant contends that the affidavit of defense was sufficient to prevent judgment. While par. 6 of the affidavit of defense only categorically denied that defendant association "agreed either orally or in writing to pay the said plaintiff seven hundred sixty ($760) dollars or any sum whatsoever in payment of his shares of stock", the denial is as specific as the corresponding paragraph 6 of the statement. The statement of claim does not set forth the name of the particular person through whom the defendant acted in making the contract, or, whether the same was oral or written; it does not aver how the sum claimed became due or that the same was due as the withdrawal value of the same. In the language of this court in

Weiner v. Schwartz, 87 Pa. Superior Ct. 551: "As we have said before, there is merit in the criticism of the affidavit of defense, for the denials are very general, but the plaintiff is tarred with the same stick." See also McSorley v. Little, 307 Pa. 316, 161 A. 77; Parry v. Bank, 270 Pa. 556, 113 A. 847. While the question of the sufficiency of the statement was not raised by proper proceedings in the lower court, nevertheless, in a rule for judgment we should not require an affidavit of defense to be more specific than the statement.

A similar question arose in the case of Raphael v. Western Pa. Amusement Co., 103 Pa. Superior Ct. 62, 157 A. 802, wherein this court said: "but defendant is not required to be more particular in this respect than the plaintiff, so we have here a general denial of any contract relation, which by reason of the lack of precision on plaintiff's part, is sufficient."

Summary judgment should never be entered in case of substantial doubt and opportunity should be given to ascertain all the facts. Parry v. Bank, supra.

Under the views expressed supra, it is not necessary to pass upon the question of the power of defendant association to purchase its own stock, nor on the relevancy or effect of the order of segregation referred to under the head of "New Matter."

The assignment of error is sustained, the judgment reversed, and a procedendo awarded.