## Atterbury v. McGlinn et al.

*Levi, Mandel & Miller,* for plaintiff.

*A. Evans Kephart, W. W. Montgomery* and *Frank F. Truscott,* for defendants.

MACNEILLE, J., June 10, 1935.—We are considering two rules for judgment for want of a sufficient affidavit of defense. The action is in assumpsit on a New York judgment against six defendants as copartners, trading as McGlinn & Company. The writ in the case before this court was served on two of the defendants, William J. McGlinn and J. Russel Butler, who have filed separate affidavits of defense.

In the statement of claim, plaintiff alleges that she instituted an action against the same defendants in New York; that service of the summons and copy of the complaint was made "upon the defendants" and "defendants" filed an answer thereto and counterclaim; that under New York law a voluntary general appearance of the defendant is equivalent to personal service of the

summons; that the "answer and counterclaim was sworn to by Alexander J. McConnell, one of the defendants acting for himself and for all of the defendants, having been first authorized so to do by all the defendants; and that said answer and counterclaim was filed by Gilman & Unger, attorneys for the defendants, having first been duly authorized to make an appearance for all the defendants;" that the case was tried "and a verdict was rendered in said action in favor of the plaintiff and against the defendants" that "thereupon the defendants duly moved to dismiss the said cause of action and said motion was denied."

The affidavit of defense of J. Russell Butler denies that the summons or copy of the complaint was ever served upon him; alleges no knowledge of filing an appearance in answer to the complaint and that, if a voluntary general appearance is equivalent to personal service of summons, there was no such voluntary appearance made by him; alleges that he knew nothing of the institution of suit in New York; denies that he moved to dismiss the action and alleges that an appeal has been taken in the New York case. William J. McGlinn makes similar averments and denials.

Where no question of subsequent payment or of jurisdiction of the person or subject matter is involved, full faith and credit must be given to the judgment of one of the courts of this country in all the other courts thereof, and this is a matter of constitutional law and not of comity: Engineers National Bank v. Drew et ux., 311 Pa. 59; Roche v. McDonald, 275 U. S. 449. A party sought to be bound by such a judgment may impeach its validity by showing that the court which rendered it had no jurisdiction over the parties or subject matter of the action: Hunt v. Snyder, 261 Pa. 257; 34 C. J. 1142. "A foreign judgment, to be valid and enforceable, must have been rendered on a service of process": 34 C. J. 1146.

The pendency of an appeal which has not been made a

supersedeas will not prevent a suit on a foreign judgment in another jurisdiction: The Merchants' Ins. Co. v. De Wolf et al., 33 Pa. 45.

There may be merit to some of the criticism of the affidavit of defense, but the statement of claim must aver in clear and concise terms all the facts essential to support judgment asked: Parry v. First National Bank of Lansford, 270 Pa. 556; Fritz v. Hathaway, 135 Pa. 274; Cohen v. Jacob Gordon Building & Loan Assn., 115 Pa. Superior Ct. 354.

There are six individual defendants in the New York case who had rights as individuals and rights as copartners. Does service "upon the defendants" means service upon them as copartners which can be made by actually serving one (see Walsh v. Kirby, 228 Pa. 194), or does it mean upon all of the defendants individually? Did the defendants file an answer as a copartnership? Was Alexander J. McConnell authorized to act for all individually or as copartners? Neither the statement of claim nor the record attached contains any answers to these questions. The rights of these parties may ultimately turn upon the answers to these questions.

In Brown et al. v. Kelso's Execs., 2 Penr. & W. 427, in a suit against a partnership where one defendant was served and a general appearance was entered for the defendants, it was held that "there is no sufficient reason for extending the entry of a general appearance beyond an appearance for John Brown, on whom the writ was served".

In Thompson v. Graham et al., 34 Pa. C. C. 362, which is cited in Moore et al. v. Steinman Hardware Co., 21 D. & C. 441, it was held that a general appearance may be entered for a partnership without binding the individuals who composed the partnership.

In the case of Phelps et al. v. Brewer et al., 9 Cush. (Mass.) 390, it was held:

"This is an action of debt, founded on two alleged judgments, purporting to have been rendered in the county

court of the county of Hartford and State of Connecticut, in favor of the plaintiffs, against the defendant Brewer, and one Elbridge G. Roberts of the city and State of New York, and Charles L. Roberts of Simsbury, in the said State of Connecticut. . . .

"The present suit proceeds against Brewer alone, and the defence is made by him alone. . . . By the original writs, in the cases in which said judgments were rendered, it appears that the defendant and Charles L. Roberts and Elbridge G. Roberts were declared against as partners, under the name and firm of the New England Carpet Company; but . . . service was made upon Charles L. Roberts only, and not upon the defendant nor the said Elbridge G. Roberts, who were neither of them even inhabitants of . . . said State of Connecticut. . . .

"Upon the entry of the suits in the county court of Connecticut, the initials of Thomas C. Perkins, an attorney at law, were entered upon the writ and docket, to indicate that he appeared for the defendants, in the mode in which it was usual to enter the appearance of attorneys for parties. . . . The appearance of the attorney Perkins was thus entered, upon the application of Charles L. Roberts, who was an inhabitant of Connecticut . . . Perkins . . . had no communication with Brewer in regard to the suit, and had no authority from him to appear for him. . . .

"But it is a matter now too well settled to admit of discussion, that when a party is not within the jurisdiction of the court, and is not served with process, and does not voluntarily appear and answer to the suit, by himself or his attorney, the judgment cannot be enforced against him out of the local jurisdiction. This point . . . has been directly adjudged by the supreme court of the United States. *D'Arcy* v. *Ketchum*, 11 How. 165. . . .

"Next, it is said, for the plaintiffs, that the record of the appearance in the suits in Connecticut is conclusive to bind the defendant Brewer. As it appears by the records that Brewer was not served with process, he cannot, there-

fore, be bound by the judgments, unless he is bound by the appearance. . . .

". . . the appearance might be to protect rights and interests of the partnership, so far as involved in those suits, and so far as the court had jurisdiction over such rights and interests; but not to bind the persons or property of the individual partners, except so far as they were necessarily bound in those suits. There is nothing in the case to show any appearance for this defendant, so as to render the judgments binding upon him individually in this commonwealth."

Similar conclusions were reached in the cases of Correll v. Greider, 245 Ill. 378, Hubbard, Admr., v. DuBois et al., 37 Vt. 94, and Mullins v. Rieger, 169 M. 521.

Of course, in other jurisdictions a different view has been taken in similar situations and we are not attempting to rule that this case is governed by these principles, but only to indicate that the ultimate outcome of this litigation may depend on facts which were not stated or adequately stated in the pleadings. The applicable rules of law under the circumstances should not be decided until an opportunity has been afforded to develop the facts at the trial: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143; Brown et al. v. Unger et al., 269 Pa. 471.

This is a case where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings and is not a case in which a summary judgment should be entered against the two individual defendants: Windisch v. First Camden National Bank & Trust Co., 306 Pa. 194; Colonial Securities Co. v. Levy et al. (No. 2), 302 Pa. 329.

There does not seem to be a proper rule pending on which to determine the question as to whether a judgment can be entered against the copartnership. The two rules filed are both against the individuals served "as a copartner, trading as McGlinn & Company and against him individually," and it is apparent that for the reasons in-

dicated neither one of the rules can be made absolute without affecting the rights of the individual copartners, and for these reasons both rules for judgment are discharged without prejudice to the right of the plaintiff to take a rule for judgment against the copartnership.