## State of Maryland v. Charles Carideo, Inc., et al.

*James H. Duff,* Attorney General, and *David R. Perry,* Special Deputy Attorney General, for plaintiff.

*Benjamin Glazer,* for defendant.

HARGEST, P. J., December 10, 1945.—This suit is brought upon a certificate of assessment made under the Maryland Unemployment Compensation Law, and

filed April 1, 1942, in the Superior Court of Baltimore City for unemployment compensation assessments settled against defendant March 31, 1942, amounting to the sum of $1,555.69, which is made up of $1,135.08 and accrued interest amounting to $420.61.

The statement of claim avers that defendant, individually, is "trading as the Maryland Buttonhole Coat Felling Company, residing at 17 Hopkins Place, Baltimore, Maryland, and now in business at the southeast corner of 16th and Reed Streets in the City of Philadelphia".

An affidavit of defense was filed, in which it is denied that defendant trades in Maryland as the Maryland Buttonhole Coat Felling Company, and avers that for a period of approximately three years prior to April 1, 1942, and continuing up to the present time, defendant has not resided in the State of Maryland, nor maintained any office, nor had any property therein, nor was he engaged in business, either directly or through an agent, in the State of Maryland; that he was neither individually nor through an agent served with any legal process or notice that a certificate of assessment, such as averred in the plaintiff's statement of claim, was made against him; that he has not been within the jurisdiction of the State of Maryland for a period of approximately three years prior to April 1, 1942, until the present time; that neither the Superior Court of Baltimore City, nor any judicial tribunal of the State of Maryland, nor any taxing authority thereof, acquired any jurisdiction over the said defendant or over the subject matter of said lien; and that the certification of assessment was therefore illegal.

Plaintiff has filed a petition and rule for judgment for want of a sufficient affidavit of defense.

The Maryland Unemployment Compensation Law, as furnished by plaintiff's counsel, in sections 14 (a) (1) and (d) provides:

"If an employer files a report for the purposes of determining the amount of contributions due under this Act but fails to pay contributions or interest, the Board may assess the amount of contributions or interest due on the basis of the information submitted and shall give written notice of such assessment to the employer.

"(d) In the event of default by employer in the payment of any sum assessed pursuant to Section 14(a) of this Act, the Board may file with the Clerk of the Circuit Court of the County or the Superior Court of Baltimore City, wherein the employer has his principal place of business, . . ., a certificate under its official seal, stating: (a) the name of the employer; (b) his address; (c) the amount of the contributions and interest assessed and in default; and (d) that the time in which a judicial review is permitted, pursuant to sub-section (c) of Section 14 of this Act, has expired without such appeal having been taken and thereupon such clerk shall enter in the judgment docket of the court, the name of the employer mentioned in the certificate, the amount of such contributions and interest assessed and in default and the date such certificate is filed. Thereupon, the amount of such assessment so docketed shall become a lien upon the title to and interest in real property and the chattels real of the employer against whom the assessment is made in the same manner as, and for all the purposes of, a judgment of the court duly docketed, . . ." (Italics supplied).

An inspection of the certificate attached to plaintiff's statement of claim shows the fact that there was an assessment, the name of defendant, the amount claimed, the date to which the contributions and interest are claimed, and the following:

"Wherefore, acting under and by virtue of section 14(d) of said Article 95A, let there be entered on the

judgment docket of this court the amount of contributions and interest so assessed."

This certificate is certified by the clerk of the Superior Court of Baltimore City and exemplified under the act of congress. It is accompanied by an itemized statement, dated March 31, 1942, showing contributions and interest claimed. Nowhere on the face of the record is it averred that any notice of any kind was given to defendant or anyone for him. On the contrary, defendant avers that he was not in business in, and had no property in, the State of Maryland, and had not actually been in the State of Maryland for three years prior to April 1, 1942; that he was not served individually, or through any agent, with any legal process or notice; and that a certificate of assessment, as alleged in the statement of claim, was illegally made against him.

The question is whether defendant may, in this court, raise the question that no notice was given him so as to afford him a day in court before judgment was obtained.

Of course it must be presumed that the procedural requirements in order to obtain a judgment in Maryland were complied with; but that is a rebuttable presumption. The Maryland statute requires that the board "shall give written notice of such assessment to the employer"; and the affidavit of defense, in positive terms, avers that no such notice was given.

In Stewart's Estate, 334 Pa. 356, it is held that a foreign decree, which is regular on its face, is presumed to be valid, and the burden is upon one who asserts that the foreign court did not have the jurisdiction.

The record of the Superior Court of Baltimore City, upon which the suit is based, shows that there was an assessment made against defendant, which is unpaid and in default, and that the time for judicial review

has expired; and that is all that the record shows. It is silent as to notice.

In A. L. I. Restatement of the Conflict of Laws, §75, it is said:

"A state cannot exercise through its courts judicial jurisdiction over a person, although he is subject to the jurisdiction of the state, unless a method of notification is employed which is reasonably calculated to give him knowledge of the attempted exercise of jurisdiction and an opportunity to be heard."

And in A. L. I. Restatement of the Law of Judgments, page 51, it is said:

". . . precluding the parties from relitigating a matter determined by a court after a fair opportunity has been afforded to them to litigate the matter."

The State of Maryland through its appropriate agency, according to the affidavit of defense, which must be taken as true, gave no notice to defendant and he was not then subject to the jurisdiction of the State. And this is so notwithstanding the statement of claim avers that defendant is "now in business at the southeast corner of Sixteenth and Reed Streets in the City of Philadelphia".

It is thoroughly settled in this State that "on a rule for judgment, facts averred in the affidavit of defense must be taken as true": McSorley v. Little, 307 Pa. 316, 319.

It is also held in McSorley v. Little, supra:

"Where complicated questions of law and disputed questions of fact are disclosed by the pleadings, it is reversible error to enter judgment for plaintiff for want of a sufficient affidavit of defense." See also Neuman v. Wenger, 306 Pa. 272.

In Chase National Bank v. Krouse, 316 Pa. 283, it is held:

"Where a doubt exists as to whether a summary judgment for want of a sufficient affidavit of defense

should be entered, this should be resolved in favor of refusing to enter it."

To the same effect is Peabody v. Carr, 316 Pa. 413, Flinn v. 5th Avenue Land Co., 309 Pa. 247, Cohen v. Gordon B. & L. Assn., 115 Pa. Superior Ct. 354.

In Guthrie v. Lowry, 84 Pa. 533, it is held:

"In an action upon a judgment of the court of another state the record may be contradicted by evidence of facts impeaching the jurisdiction of the court, but where it is shown that the court had jurisdiction its judgment is conclusive and cannot be inquired into."

In Price v. Schaeffer, 161 Pa. 530, the same thing is decided, and it is there said, page 535:

"The affidavit of defence avers that the appearance recited in the record of the judgment sued on was merely constructive, and that in fact the appellant was not served with process, did not appear, and had no knowledge of the suit until recently when demand was made upon him for payment. These being facts going to the jurisdiction of the court the record could be contradicted in regard to them."

In Midwest Piping & Supply Co. v. Thomas Spacing Machine Co., 109 Pa. Superior Ct. 571, it is held:

"In order to authorize the recovery upon a judgment of a court of limited or inferior jurisdiction of another state, all the facts essential to show jurisdiction in that court must appear on the face of the transcript or record."

In the instant case the record is devoid of any showing of notice of any kind.

In Vaughn v. Love, 324 Pa. 276, 284, the Supreme Court, quoting from Knowles v. Gaslight & Coke Co., 86 U. S. 58, said:

" 'In our opinion the defendant had a right to show by proof that he had never been served with process, and that the Circuit Court of Cass County never acquired jurisdiction of his person. As this was refused

him on the ground that the evidence was inadmissible, the judgment must be reversed.' "

And our Supreme Court continued, page 285:

"We therefore hold that a sheriff's return showing personal or constructive service in this State on one who claims to be a nonresident and not present in this State when the service was made, is not conclusive and defendant may establish these facts by evidence dehors the record."

In Lansinger v. Lansinger, 30 D. & C. 291, the court refused to recognize a Nevada divorce where the respondent was not served with process.

In Melnick v. Melnick, 147 Pa. Superior Ct. 564 it is held:

"Where plaintiff averred that he and defendant, A, had been married and were domiciled in this Commonwealth; that A forced plaintiff's withdrawal from their common home and refused to resume marital relations with him; that she went to Nevada, for the purpose of obtaining a divorce, and precisely six weeks thereafter, the shortest required residence necessary in Nevada, filed an application for divorce from plaintiff, and thereafter obtained a decree; and that the decree was obtained without legal service upon plaintiff, or his presence in Nevada, or appearance, or representation in the divorce proceeding; such averments were held sufficient, if proved, to establish that the Nevada decree was null and void as against plaintiff and ineffective to destroy the marriage relation between him and defendant."

See also Williams v. North Carolina, 325 U. S. 226, 65 S. Ct. 1092.

For these reasons it is apparent that the affidavit of defense is sufficient, and that the petition and rule for judgment for want of a sufficient affidavit of defense must be dismissed.

And now, December 10, 1945, the petition and rule for judgment for want of a sufficient affidavit of defense are hereby dismissed.