ARTHUR J. RIESER, Appellant, *v.* IRVING D. SPEYER and Others, Doing Business as SPEYER, ALEXANDER & Co., Respondents.

First Department, November 17, 1933.

*Arthur Hutter* of counsel [*Hutter & Rosenbloom,* attorneys], for the appellant.

*Harold R. Topken* of counsel [*Frederic W. Girdner* with him on the brief; *Reynolds, Richards & McCutcheon,* attorneys], for the respondents.

TOWNLEY, J. This action was brought by a customer to recover from a broker the amount concededly due on an account stated. The answer sets up certain counterclaims which, if established, would offset the plaintiff's claim.

The defenses and counterclaims are stated in various ways but all involve the construction of an alleged contract of guaranty made by plaintiff to a firm of brokers who were the defendant firm's predecessors in business. The agreement reads as follows:

" <em>October</em> 10, 1930.

" Messrs. HERZOG & GLAZIER,

  " 24 Broad Street,

    " New York City.

" GENTLEMEN: Confirming the conversation which I had with Mr. Speyer this afternoon, I hereby guarantee your firm against loss in continuing to carry the account of Tess A. Sobel until such time that we mutually agree to sell the collateral which this day consists of:

    300 shares R. J. Reynolds ' B ' stock

     50 shares Otis Elevator

    151 shares Adams Express common

      6 shares Adams Express preferred.

" Assuming the value of the said collateral this day be $19,500.00 (Nineteen thousand five hundred dollars). In other words, if and when by mutual consent the said collateral be sold and less than $19,500.00 be realized, the difference, if any, between the amount realized and $19,500.00, I agree to pay to you. Further, with the understanding between yourselves and Mr. and Mrs. Sobel that the debit balance is not increased by the purchase of any additional securities nor the collateral changed or altered without my consent.

" Yours very truly,<br>" ARTHUR J. RIESER.

" Accepted:

  " HERZOG & GLAZIER."

After the above agreement was made, and on January 1, 1931, the firm of Herzog & Glazier was dissolved and reorganized.

A limited partner became a general partner and a new partner was admitted. The new firm was called Speyer, Alexander & Co., the defendant.

There is serious doubt whether the agreement quoted above amounted to anything more than a contract to make an agreement. (*Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312; *St. Regis Paper Co.* v. *Hubbs & Hastings P. Co.*, 235 id. 30; *Mayer* v. *McCreery*, 119 id. 434; *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267; affd., 195 N. Y. 584.) It is not necessary, however, to rest our decision on that ground alone. The defendants' affidavit wholly fails to establish that plaintiff ever agreed upon a time when the stock should be sold or that any effort was ever made to induce him to make such an agreement. In the absence of such proof, the condition upon which the plaintiff's obligation was predicated was never fulfilled and no liability upon the guaranty was established.

An even more fundamental objection to the maintenance of the counterclaim by the present defendants arises from the fact that the instrument in form is a special and not a general guaranty and is hence not enforcible by these defendants in the absence of an agreement by plaintiff that the guaranty should also run to the successor firm. As was said of a similar agreement in *Friedlander* v. *N. Y. Plate Glass Ins. Co.* (38 App. Div. 146): " Obviously it was not assignable. From its terms, as disclosed in the evidence, it was a direct guaranty of the defendant corporation to the firm of Friedlander & Greene. There was nothing which made it either assignable, or negotiable or transferable. The liability of a guarantor is *strictissimi juris*, which means that it shall not extend beyond the precise stipulations of the guaranty. (*Smith* v. *Molleson*, 148 N. Y. 241.) "

Since no facts justifying the interposition of the counterclaims appear in the affidavit, the order should be reversed, with twenty dollars costs and disbursements, the answer should be stricken out, and judgment should be granted as prayed for in the complaint.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.