ROBERT H. LEWIS, Plaintiff, *v.* ALBERT ESCH and Others, Defendants.

County Court, Delaware County, April 17, 1935.

*Fred W. Youmans*, for the plaintiff.

*Arthur F. Curtis*, for the defendant Andrew Murdock.

O'CONNOR, J.   This action is brought by the plaintiff against the defendants Albert Esch and Willard Murdock and arises out of the sale of a Ford automobile under a conditional sales contract entered into by and between the plaintiff and said defendants on the 18th day of January, 1934, whereby they agreed to purchase of plaintiff said Ford automobile for the sum of $275, payable, $100 cash on or before delivery, and a deferred balance of $175 in twelve equal monthly payments of $14.58 each, the first payment to be made one month after the date of the contract.   The contract was assigned by plaintiff to the Yellow Manufacturing Credit Corporation; default was made in the payments, the contract was reassigned to plaintiff who repossessed and sold the automobile at public auction.   After applying the net proceeds of the sale there is a balance unpaid of $85.68, which the plaintiff also seeks to recover in this action from the defendant Andrew Murdock by reason of a contract of guaranty made and executed by the defendant Andrew Murdock, which said contract of guaranty reads as follows:

" In consideration of the making of the within contract by the Dealer therein and/or the purchase thereof by Yellow Manufacturing Credit Corporation, the undersigned does hereby guarantee payment of all deferred payments as specified therein and covenants in default of payment of any installment or performance of any requirement thereof by Purchaser to pay full amount remaining unpaid to Yellow Manufacturing Credit Corporation upon demand. The liability of the undersigned shall not be affected by any indulgence, compromise settlement, extension of credit, or variation of terms effected by or with the Purchaser or any other person interested. Notice of acceptance of this guarantee, notices of non-payment and non-performance, notices of amount of indebtedness outstanding at any time, protests, demands, and prosecution of collection, foreclosure, and possessory remedies, and the right to remove any legal action from the court originally acquiring jurisdiction, are hereby expressly waived.

> " ANDREW MURDOCK    [L. S.]
> " Guarantor
> " Delhi, N. Y."

The defendants Albert Esch and Willard Murdock have evidently not appeared nor answered. The defendant Andrew Murdock has appeared and answered. This is a motion by the defendant Andrew Murdock to dismiss the plaintiff's complaint on the ground that it fails to state facts sufficient to constitute a cause of action against him.

The defendant Andrew Murdock asks that the complaint be dismissed because of its failure to state a cause of action against the defendant Andrew Murdock upon eight different grounds. The first ground is that the complaint does not allege the consideration for the signing of the guaranty by the defendant Andrew Murdock but merely alleges a conclusion of law that there was a " good and valuable consideration." As will be noted, the guaranty itself states that the consideration for the signing of the guaranty by the defendant Andrew Murdock is the making of the contract by the dealer therein and/or the purchase thereof by Yellow Manufacturing Credit Corporation. A guaranty made at the time of the principal contract is binding on the guarantor, because it is founded on the consideration existing between the principal parties. (*Wood* v. *Tunnicliff*, 74 N. Y. 38.) The delivery of the Ford automobile to the purchasers on faith of the guaranty of payment was a sufficient consideration. (*Beakes* v. *DeCunha*, 126 N. Y. 293.) As the guaranty agreement together with the conditional contract of sale is annexed to and made a part of the complaint the same cannot be dismissed upon that ground.

The second ground urged by the defendant Andrew Murdock is that the complaint does not allege that the sale was held not more than thirty days after the retaking of the goods and that, as appears by the facts set forth in the complaint, at least fifty per cent of the purchase price of the goods had been paid. The third ground is that there is no allegation in the complaint as to the service of the notice of sale upon the buyers in accordance with the provisions of section 79 of the Personal Property Law. The complaint does not allege that the sale was held within thirty days after the retaking of the goods nor that there was any service of the notice of sale upon the buyers as specified by section 79 of the Personal Property Law. The omission of these allegations in the complaint renders the same insufficient as to the defendants Albert Esch and Willard Murdock, but, in the opinion of the court, the defendant Andrew Murdock, under the terms of his guaranty, is not in a position to take advantage thereof. He guaranteed payment and waived foreclosure and possessory remedies. The other defendants could not waive these requirements but he could and did.

The fourth ground is that there is no allegation in the complaint that the defendants, or any of them, reside, or did reside, in the county of Delaware. This point would be well taken except for the fact that the defendant Andrew Murdock has appeared and answered upon the merits without raising that question and thereby waived his right so to do. (*Myers* v. *American Locomotive Company*, 201 N. Y. 163.)

The fifth ground is that the notice of sale as set forth in the complaint is misleading and fails to comply with the statute because it describes the contract of conditional sale as a chattel mortgage. This is too technical to warrant consideration.

The sixth ground is that the guaranty requires payment only upon demand and the complaint alleges no demand or excuse for failure to make a demand. The complaint is defective in this particular. " When a promise is to pay one's own debt for a specified amount on demand, no demand need be alleged or proved, but when the promise to pay on demand is not to pay one's own debt, but is a collateral promise to pay the debt of another, a demand is necessary, for it is part of the cause of action." (*First National Bank* v. *Story*, 200 N. Y. 346 [headnote].)

The seventh ground is that the guaranty signed by the defendant Andrew Murdock appears upon its face to be personal to the Yellow Manufacturing Credit Corporation, solely for its own protection and is not assignable. The guaranty provides: " The undersigned does hereby guarantee payment of all deferred payments as specified therein and covenants in default of payment of

any installment or performance of any requirement thereof by purchaser to pay full amount remaining unpaid to Yellow Manufacturing Credit Corporation upon demand." This is not a general but a special guaranty and hence is not enforcible by this plaintiff in the absence of an agreement by defendant Andrew Murdock that the guaranty should also run to the successor or assigns of the Yellow Manufacturing Credit Corporation. There is nothing in the guaranty which makes it either assignable, negotiable or transferable. The liability of a guarantor is *strictissimi juris*, which means it shall not extend beyond the precise stipulations of the guaranty. (*Rieser* v. *Speyer*, 239 App. Div. 405; *Friedlander* v. *N. Y. Plate Glass Insurance Co.*, 38 id. 146.) The plaintiff cannot, therefore, recover against the defendant Andrew Murdock in this action.

The eighth ground is that it appears from the conditional sales contract and the indorsements thereon that the defendant Andrew Murdock and plaintiff Robert H. Lewis were coguarantors of the same obligation and that, therefore, the plaintiff could not maintain an action against the defendant Andrew Murdock for the full amount unpaid on the guaranty. Inasmuch as the court has held that the guaranty of the defendant Andrew Murdock is personal and not assignable it is not necessary to decide this question.

It is apparent that the defect in the plaintiff's complaint that the guaranty is special cannot be remedied by an amendment and, therefore, the motion of the defendant Andrew Murdock for a dismissal thereof as against him is granted, with ten dollars costs of this motion. An order may be entered accordingly.