OPINION OF THE COURT
Edward H. Lehner, J.
This is a motion by the defendants to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on the ground that the complaint fails to state a cause of action since as a matter of law the guarantees pursuant to which plaintiff sues were not assignable to it. The plaintiff cross-moves for summary judgment claiming that the rights thereunder were freely transferable.
The complaint alleges that the plaintiff Targa International Corp. (Targa) sold goods to Barringer Knitting Mills, Inc. (Barringer). Targa had a factoring agreement with Chase Manhattan Bank, N. A. (Chase) pursuant to which Targa was advanced cash for its accounts receivable. In connection with an assignment of a receivable from Barringer, Chase obtained guarantees of the obligations of Barringer from each of the defendants. Barringer defaulted on its payments of such assigned receivables and on March 20, 1981, Targa obtained judgment in this court (Index No. 1510/1981) on an arbitration award against Barringer in the sum of $18,209.67. Both the award and the judgment were obtained on default, Barringer apparently having gone out of business. On March 25, 1981, the day the said judgment was filed, Chase reassigned to Targa the receivables owing from Barringer, together with all of its right, title and interest in the aforesaid guarantees. No *689 explanation is offered as to how Targa obtained judgment on a claim which had been assigned to Chase. Targa now sues the defendants alleging that its judgment against Barringer remains unpaid and that by virtue of the guarantees, defendants are jointly and severally liable for the payment of that judgment.
The four guarantees are identical and are set forth on Chase’s printed forms. The purpose and nature of the guarantee, which is set forth in the first paragraph of the instrument, reads as follows: “To induce you [Chase] to extend or to permit any concern for which you may now or in the future act as factor to extend credit to Barringer Knitting Mills, Inc., Philadelphia, Pa. (hereinafter called the “Customer”), and/or to factor or to accept assignments or transfers of accounts receivable or other obligations owing from the Customer, and/or to accept the Customer as a credit risk and/or to grant or extend any benefit or financial accommodation to the Customer, and/or in consideration of your so doing, or your having heretofore done any of the foregoing, the undersigned * * * agree to be * * * jointly and severally primarily liable to you for the due performance of all of the Customer’s contract and agreements with you, both present future and any and all subsequent renewals, extensions, continuations, modifications, supplements and amendments thereof, and for the prompt payment to you with interest, of any and all sums which may be presently due and owing or which shall in the future become due and owing to you from the Customer”.
On the issue of assignability, the guarantees provide as follows: “This guaranty shall inure to and shall be enforceable by you [Chase], any concern which is or may at any time be your parent or subsidiary or the co-subsidiary of your parent and your and their successors and assigns”.
First it should be observed that if Chase had not reassigned the claim to Targa, there would be no defense to Chase enforcing the guarantees. The question then is should the defendants be relieved of liability because the claim against Barringer is being prosecuted by Targa rather than Chase. The court thinks not.
*690 By statute (General Obligations Law, § 13-101) any “claim or demand” can be transferred with limited specified exceptions. Under section 13-107 of the General Obligations Law, a transfer of a “bond”, which is defined to include any evidence of indebtedness, is deemed to include the claim of the assignor for damages against any guarantor of the assigned obligation. Of course, both of said sections are subject to any limitation on assignment contained in the instrument.
The generally applicable principle that the use in an agreement of the term “assigns” indicates (without being conclusive), that the parties intended that the contract rights should be assignable is applicable to contracts of guarantee. (See, e.g., Lindenberg Corp. v Howland, 115 Misc 244; Brumm v Gilbert, 50 App Div 430.)
Here, the guarantees provided that they would inure to and be enforceable by Chase or its parent or subsidiary and Chase’s and their “successors and assigns”. These are not words of limitation that would render the instrument a special guarantee that could only be enforced by the person to whom it is delivered.
In Lewis v Esch (155 Misc 212) and Rieser v Speyer (239 App Div 405), cited by defendants, in holding the guarantees to be nontransferable, it was specifically pointed out that the instrument did not state that it would inure to the benefit of the successors or assigns of the party to whom it was delivered.
In Paige v Faure (229 NY 114) and Nassau Hotel Co. v Burnett & Barse Corp. (162 App Div 381, affd 212 NY 568), the courts referred to the general rule that contract rights are not transferable if they are coupled with liabilities or if they involve a relationship of personal credit and confidence. Here, defendants claim that Chase’s rights under the guarantees come within this general rule. Such argument must fall as there was nothing in any instrument submitted that would indicate that Chase had any obligation to extend any credit to Targa beyond the advance on the sale to Barringer, for which the guarantees were delivered. If the guarantees were part of a contract under which Chase obligated itself to future advances, that would create a different situation.
*691 Thus, the court finds that the guarantees were assignable with the result that defendants’ motion to dismiss must be denied.
Turning to plaintiff’s cross motion for summary judgment, defendants claim that the judgment obtained by Targa against Barringer is defective because it was obtained prior to the reassignment of the claim by Chase. Although such procedure would seem irregular and be a basis for Barringer to vacate the judgment, it is not a bar to the grant of summary judgment to plaintiff for the amount owing as a result of the assignment which is $14,434.70 plus applicable interest. Since defendants have submitted no affidavit to refute the factual allegation of moneys owing from Barringer on the claim involved herein, plaintiff is entitled to summary judgment for such sum.