108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
GLENOIT MILLS, INC., Plaintiff-Appellee,
v.
MISS BOBBIE ORIGINALS, INC., Miss Bobbie, Ltd., Style VI,
Ltd., Argosy Resources and Jason Workman,
Defendants-Appellants.
 No. 96-7979.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR APPELLANTS: Howard M. Rubin, Geotz, Fitzpatrick & Flynn, LLP, New York, NY
 
 
 2
 APPEARING FOR APPELLEE: Harlan M. Lazarus, Lazarus & Lazarus, PC, New York, NY
 
 
 3
 PRESENT: JOHN M. WALKER, Jr., JOSEPH M. McLAUGHLIN, HARLINGTON WOOD, Jr.,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 6
 On July 9, 1996, the district court held Jason Workman liable to Glenoit Mills, Inc. as the guarantor of the unpaid debt of Style VI, Ltd. Workman now appeals.
 
 
 7
 In 1988, Glenoit entered into a factoring agreement with the Bank of New York ("BNY") pursuant to which Glenoit assigned its present and future invoices to BNY in exchange for advances of monies. In connection with this factoring agreement, Jason Workman issued a guarantee of payment to BNY for any debts owed to it by Style VI, Ltd.
 
 
 8
 In October 1992, Style VI purchased goods from Glenoit valued at $128,621. The amount due for these goods was reflected in invoices. Those invoices were assigned to BNY pursuant to the factoring agreement. On November 17, 1992, Style VI notified Glenoit of defects in the goods received. Style VI neither returned the goods nor paid the debt. On January 29, 1993, pursuant to the terms of the factoring agreement, BNY issued a chargeback notice to Glenoit regarding the disputed debt. On July 28, 1993, BNY reassigned the invoices to Glenoit. In addition, BNY assigned to Glenoit all its rights arising from the guarantee. In August 1993, Glenoit brought this action against Workman as guarantor of payment of the defaulted debt owed by Style VI.
 
 
 9
 On appeal, Workman argues that (i) the partial assignment by BNY to Glenoit of the guarantee was ineffective; (ii) even if the assignment was effective, the guarantee had no value at the time it was assigned to Glenoit because BNY had earlier issued a chargeback to Glenoit; (iii) no money was due to Glenoit because Glenoit issued a credit memo to Style VI, indicating that the full debt had been satisfied. We reject each argument.
 
 
 10
 First, under New York law, absent some express language prohibiting assignments, a guarantee is freely assignable. 63 N.Y.Jur.2d, Guaranty and Suretyship § 290 (1987). As with any other contract, the intention of the parties controls its interpretation. Fehr Bros., Inc. v. Scheinman, 509 N.Y.S.2d 304, 306 (N.Y.App.Div.1986); 63 N.Y.Jur.2d, Guaranty and Suretyship § 1 (1987). The obligation of a guarantor is strictly construed; however, "a surety is not entitled to any particular tenderness in the interpretation of the language of the contract." Banco Portugues do Atlantico v. Asland, S.A., 745 F.Supp. 962, 967-68 (S.D.N.Y.1990) (interpreting New York guarantee and surety law). The guarantee contains no words of limitation with regard to assignments, providing that the guarantee
 
 
 11
 shall inure to you and shall be enforceable by you, any concern which is or may at any time be your parent or subsidiary or the co-subsidiary of your parent and your and their successors and assigns ....
 
 
 12
 Hence, the guarantee is assignable. See, e.g., Targa Int'l Corp. v. Gross, 447 N.Y.S.2d 384, 385 (Sup.Ct.1982) (holding that guarantee which provides that it is assignable to "successors and assigns" is freely assignable).
 
 
 13
 Workman also argues that while an entire assignment would be allowed, a partial assignment is not. We disagree. In New York, "it has long been settled ... that a valid assignment of part of an entire debt or obligation can be made." Chambers v. Lancaster, 54 N.E. 707, 708 (N.Y.1899). Moreover, there is nothing in the record to indicate that BNY's assignment of the guarantee was partial. At trial, a BNY executive testified that BNY "assigned the entire guarantee" to Glenoit. He testified that BNY assigned
 
 
 14
 to Glenoit Mills, Inc., without recourse, representation, or warranty, all of its rights, privileges, and remedies as set forth in the attached guarantee by ... Workman ... with respect to the below schedule of invoices to Glenoit....
 
 
 15
 Regardless, the district court correctly concluded that the guarantee was properly assigned to Glenoit.
 
 
 16
 Second, the issuance of a chargeback by BNY prior to assigning its rights under the guarantee to Glenoit did not, as Workman argues, forfeit BNY's rights under the guarantee. The factoring agreement between BNY and Glenoit provides that such a chargeback "shall not be deemed a reassignment of the Receivables so charged back." Thus, the chargeback did not reassign the invoices to Glenoit. BNY retained an interest in the payment of the invoices which was guaranteed by Workman. Therefore, at the time of the chargeback and until the assignment of the guarantee to Glenoit, Workman was liable to BNY as a guarantor.
 
 
 17
 Workman's final argument on appeal is that Workman as a guarantor owes nothing to Glenoit because Glenoit issued a credit memo to Style VI indicating that Style VI's debt to Glenoit was settled. The record contains no evidence that this credit memo was introduced at trial and we will not consider it now.
 
 
 18
 We have carefully considered appellants' other arguments on appeal and find them to be without merit.
 
 
 19
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation